## NORTHWESTERN OHIO NATURAL GAS CO v FIRST CONGREGATIONAL CHURCH

Ohio Appeals, 6th Dist, Lucas Co

No 2599.  Decided Feb 15, 1932

Tyler, Wilson & Rhinefort and John W. McMahon, Toledo, for plaintiff in error.

Williams, Eversman & Morgan, Brady, Yager & Bebout, Toledo, and Doyle & Lewis, Toledo, and Mooney, Bibbee & Edmonds, Columbus, for defendants in error.

**WILLIAMS, J.**

The authorities are practically unanimous that a gas company is not guilty of negligence with respect to a defective service line used for the transportation of gas where it does not install and maintain the line and where it is laid on property of another, unless the gas company has knowledge of the defective condition or facts from which they should have known thereof, in the exercise of ordinary care. Gas Co. v Broderick, 114 Oh St, 423.

The gas company had actual knowledge and information that there was a leak in the dial of the meter; but the inquiry arises whether, in the exercise of ordinary care, it should have known of the defective and leaky condition of the service pipe. Natural gas is a highly dangerous substance and ordinary care in its transportation would be a high degree of care. The gas company knew that the pipes were down many years and would deteriorate; that there could be no testing of the service line by any one except the gas company itself or by somebody with the gas company's knowledge and consent, for the reason that the gas company transported its gas through the service line to the meter, and no one had a right to interfere therewith. A report that the meter was leaking carried information that gas was escaping and would naturally put an inspector, whose duty it was, according to his own testimony, to discover and repair leaks, upon inquiry as to the source of escaping gas; and the fact that he tested the house lines shows that he was put upon inquiry. Where a gas company has information that gas is escaping from a certain point in the building of a consumer and responds to care for the leak, is it justified in accepting as infallible the advice as to where the leak is? The defendant gas company had the means at hand to make all proper tests of the service line and, when put upon inquiry, it was the duty of the gas company to exercise ordinary care with reference to inspecting to ascertain the source of the leak. The defendant had knowledge that the defective condition existed somewhere, probably in

the meter, and it was for the jury to say whether the facts adduced were such as were reasonably calculated to put the gas company upon inquiry and whether it was guilty of negligence in failing to make inspection of the service line.

It is contended that there is no proof that the explosion was caused by natural gas and not artificial gas. There was another service line entering the building which was used by another company for the transportation of artificial gas. This line had deteriorated somewhat also. After the fire, tests were made not only of the natural gas line but the artificial gas line as well, and both were found insufficient in that there was leakage in them, but the leakage was greater in the natural gas line. There is no evidence that there was a smell of artificial gas in the building at any time, except about one year before the fire when a gas jet was left open, and the evidence shows that no one smelled natural gas between the time of the change of the meter and the explosion and fire. Artificial gas has a much stronger odor than natural gas and it is very easy to distinguish the smell of one from that of the other. Even if artificial gas had been in the cellar at the time of the explosion and fire and contributed thereto, that fact would not bar plaintiffs' recovery if the defendant was guilty of actionable negligence with reference to the transportation of natural gas and plaintiffs free from contributory negligence. A tort feasor can not relieve himself from liability merely by showing that the wrong or act of another directly contributed to produce the injury and damage.

The court did not err in refusing to direct a verdict.

The second contention made by the gas company is that The First Congregational Church and various insurance companies were improperly joined as plaintiffs and for that reason the plaintiffs should have been nonsuited. It appears from the amended petition that the insurance companies which carried insurance on the church buildings had settled and adjusted the claims with The First Congregational Church under the policies. Such action on the part of the insurance companies and insured would subrogate the insurance companies to the claims of the insured to the extent to which they had been paid. Surely the determination of the amount that shall be awarded to the insurance companies and the insured is a matter between them and not one of concern to the gas company, and such amounts as the insurance companies may have paid under the fire insurance policies does not inure to the benefit of a wrongdoer who has brought about the destruction of the insured property by fire. The right of subrogation on the part of the insurance companies does not depend upon any agreement, but arises out of the relation of the parties.

Railroad v Falk, 62 Oh St, 292;

Clark v Firebrick Co., 100 Oh St, 110, 119.

Not only were plaintiffs properly joined, but the manner of apportioning the amount recovered is not a matter for the determination of the jury. The contention of plaintiff in error as to misjoinder of plaintiffs is not well-founded.

The third contention of plaintiff in error is that the court erred in submitting to the jury the question whether persons performing service for The First Congregational Church were independent contractors. We quote from the general charge of the court as follows:

"In this connection the court charges you that the negligence of an employe acting within the scope of his employment or of an agent acting within the scope of his authority is the negligence of the employer or principal. Negligence of an independent contractor, however, is not the negligence of the person or corporation for whom he works. An independent contractor is a person who is employed to do a particular job of work, and who, under the performance of his employment, is not under the direction, supervision or control of his employer."

As to the employes who were in the church at the time of the explosion and fire, there is no evidence bearing upon their conduct or action. In the absence of some evidence tending to show that these employes were guilty of negligence directly contributing to produce the explosion and fire, the trial judge was not required to charge the law of contributory negligence with reference to the conduct or action of these employes. Therefore the language employed could not be prejudicial to plaintiff in error in so far as it relates to them. As to William H. Forrest, it may be said that he was a member of a plumbing firm which did jobs from time to time and it was proper for the court to submit to the jury, under instructions, the question whether or not he was acting as an independent contractor. There is nothing technically wrong with the instruction as given and the court did not err in so charging the jury.

The fourth contention of plaintiff in

error is that Forrest was guilty of negligence which proximately caused the explosion. If the jury found that Forrest was an independent contractor, the fact that he was guilty of negligence which directly contributed to produce the explosion would not bar the plaintiff's recovery. Forrest was directed to make a search for a leak and found it in the natural gas meter. He promptly caused the matter to be reported to the gas company, as is evidenced by the fact that the meter was changed by the time he returned the next day. On his subsequent trips to the church building he detected no odor of gas and it does not appear that he thereafter had any further information of escaping gas. We can not say that Forrest was guilty of contributory negligence as a matter of law.

The fifth contention of the plaintiff in error is that the demurrer to the amended petition should have been sustained and a verdict should have been directed because of the failure of the amended petition to assert facts showing the explosion to have been proximately and immediately caused by claimed negligence of the defendant. We think that all that need be said in this connection is that the amended petition states a cause of action.

The sixth contention is that the court erred in refusing to give charges requested before argument. Several of these requests ignore the doctrine of proximate cause. Some of them are not sustained by any evidence. Some of them ignore the principles relating to actual and constructive notice of a leak or defective condition. In fact, a close examination discloses that every one of the requested instructions that were refused was properly refused by the court.

The seventh and last contention of the plaintiff in error is that no evidence was introduced of the market value of the premises which were the site of the explosion, either before or after the explosion; that the court erroneously adopted a wrong rule as to the measure of damages and improperly admitted evidence on this basis and that the verdict is excessive, as well as erroneously rendered.

Where a building burned has no market value, it is proper to permit evidence of actual value.

Kennedy v Treleaven, 103 Kans., 651;

7 A. L. R., 274;

Perhaps it is a matter of common knowledge that a church building has no market value. However that may be, evidence was adduced tending to show that there had been no sales of property of that type in that locality and no evidence was adduced

tending to show that there had been sales of such property in that vicinity or elsewhere. Witnesses for the plaintiff were permitted to testify as to the fair, sound and reasonable value of the smaller church building immediately before and immediately after the explosion and fire. The defendant gas company offered no evidence whatever and, had it been able to prove market value, no doubt it would have done so. As there was evidence tending to prove the property had no market value and none to the contrary, the court pursued the only course that remained open.

The same rule was applied to the personal property within the church. We think the rule would be the same, because the personal property was peculiar to a building used for church purposes.

As heretofore indicated, the court permitted the opinion of the witnesses as to value of the smaller church bulding, both before and after the injury thereto, to be based upon the building alone without reference to the real estate. The contention is made that the opinion of the witnesses should have been based upon the whole property, including the land. The authorities are not wholly in accord as to how the question should be propounded, as to including or not including the land, and it may be that in some cases, due to peculiar circumstances, prejudice might arise if the opinion were based upon the value of the building alone, but under the facts and circumstances of the instant case, we think the court did not err in permitting the opinion as to value to be expressed with reference to the building without reference to the land upon which it stood.

The court applied the same rule in its general charge and instructed the jury that the measure of damages as to the smaller building was the difference between its fair and reasonable value immediately before and immediately after the explosion. In our judgment there was no error in charging in this manner.

The plaintiff was permitted to adduce evidence tending to show the amount of injury to the main church building. As the injury to this building was slight, we think it was proper to show the expense of repairing it, as bearing upon the amount of recovery.

**Collieries Co. v Cooke, 107 Oh St, 238.**

The amount of the verdict seems to be in accordance with the testimony adduced as to value and we have therefore been unable to reach the conclusion that it is excessive.

This court has inquired into all questions made in the brief of plaintiff in error and

finds no prejudicial error. The judgment will therefore be affirmed.

LLOYD and RICHARDS, JJ, concur.