SHULTS, APPELLANT, v. HINAMON, APPELLEE.

(No. 1005—Decided July 21, 1948.)

Messrs. Moore & Myers, for appellant.
Messrs. Donithen, Michel & Davis, for appellee.

GUERNSEY, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Marion county, in an action wherein the appellant, Alfred E. Shults, was plaintiff, and the appellee, Fred L. Hinamon, was defendant.

The action is one for damages for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant's employee.

On the trial of this cause the jury returned a verdict in favor of the defendant of no cause of action, and

judgment was thereafter duly entered upon the verdict.

This is the judgment from which this appeal is taken.

The facts material to a consideration of this appeal, as shown by the bill of exceptions, are as follows:

On July 16, 1945, the plaintiff was in the employ of the F & Y Construction Company as a laborer. The F & Y Construction Company was constructing a building for The Huber Manufacturing Company in Marion, Ohio. On that date, only the outside foundation footer and part of the concrete floor were finished. There was no superstructure. At the middle of the west foundation was an opening through the footer, which would ultimately be a doorway for trucks and large vehicles.

Approximately parallel with this west foundation and quite near it was a temporary telephone wire strung up on temporary posts. It varied in height from eight to ten feet from the ground.

The plaintiff was working within the confines of the concrete foundation, roughly 50 feet south of the doorway mentioned above and approximately 25 feet east of the west concrete foundation wall. He was working in and about some freshly poured concrete and was giving his attention to the performance of his duties.

A truck owned by the defendant and operated by his employee brought a load of stone into the area enclosed by the concrete foundation footer and backed his truck under the wire above mentioned so that his truck or approximately all of it was west of the wire and headed in an easterly direction. He unloaded his stone by raising the dump bed of his truck and shaking the stone out in a pile. Then, although he knew of

the existence of the wire and that it was too low to drive under with the bed of his truck up, he proceeded to drive forward with the bed of his truck still up and the bed of his truck caught on the temporary wire. As the truck moved forward it pulled the wire loose from the several 2 x 4's to which it was fastened and jerked it against the plaintiff, who was knocked to the ground and severely injured.

To the petition of the plaintiff, which, in substance, alleged the above facts, the defendant filed a general denial.

Defendant's counsel, in his opening statement, admitted that the driver of the truck was the agent of the defendant in hauling the stone on the premises. He admitted also that the truck caught the wire, that plaintiff was thrown to the ground by the wire, and that he was injured thereby.

Plaintiff originally assigned errors as follows:

1. The verdict is not sustained by the evidence.

2. The verdict is contrary to law.

3. Several errors of law occurring at the trial and to which exceptions were taken at the time.

4. The court erred in its charge to the jury.

5. The court erred in rejection of evidence and admission of evidence to which the plaintiff excepted at the time.

6. The court erred in refusing to give special charges before argument which were submitted by the plaintiff.

7. Misconduct of counsel for the defendant in stating on *voir dire* that the defendant did not have liability insurance.

8. Misconduct of counsel in referring to industrial

compensation and in offering a witness as to such, knowing such testimony to be inadmissible.

9. Other errors manifest from the face of the record.

On motion of the defendant, items 1, 7 and 8 of such assignment have been stricken.

Of the remaining errors assigned, plaintiff, in his brief, specifies and argues only 4, 6 and 9, and under its statutory prerogative the court will consider only these assignments.

In considering whether the proper foundation for these assignments of error has been laid, subdivision 8 of Section 11576, General Code, prescribing the causes for which a new trial may be granted, one of which is "error of law occurring at the trial and excepted to by the party making the application," must be read, interpreted and construed *in pari materia* with the provisions of Section 11576-1, General Code, that "an application for a new trial shall not be necessary as a prerequisite to obtain appellate review * * * as to any other matter which the record shows was called to the attention of the trial court by objection, motion or otherwise," and of Section 11560, General Code, that "an exception shall not be necessary, at any stage or step of the case or matter, to lay a foundation for review whenever a matter has been called to the attention of the court by objection, motion, or otherwise and the court has ruled thereon. Error can be predicated upon erroneous statements contained in the charge, not induced by the complaining party, without exception being taken to the charge."

Under such an interpretation and construction, it is clear that it is unnecessary, in order to lay the foundation for the review of errors of law occurring at the trial, to make a formal exception to such an error, but

is only necessary, to lay such foundation for review, to call the matter to the attention of the court by objection, motion or otherwise, and to secure a ruling of the court thereon. And it is also clear that error can be predicated upon erroneous statements contained in the charge, not induced by the complaining party, and constituting errors of commission and not omission, without exception being taken in the charge.

With this in mind, we will consider the assignments of error last above mentioned.

4. The court erred in its charge to the jury.

The errors complained of under this assignment of error are all errors of commission and not omission, and consequently may be considered by the court, although no exception was taken to the charge.

Under this assignment the plaintiff specifies and argues in his brief two errors, as follows:

(a) The court erred in submitting the issue of agency, that being admitted.

(b) The court erred in charging on contributory negligence, there being no such issue.

As above stated, counsel for defendant, in his opening statement in the cause, admitted that the driver of the truck which struck the wire causing it to rebound against the plaintiff, throwing plaintiff to the ground and injuring him, was the agent and employee of the defendant. And on cross-examination, the defendant himself admitted that the driver of the truck was his agent.

Notwithstanding these admissions the court instructed the jury as follows:

"Now directing your attention to the issues the court finds them to be these: ·

"1. Was the driver of the truck in question the agent, servant and employee of the defendant, Fred L. Hinamon?"

The rule applicable to this situation is stated in 2 Ohio Jurisprudence (Pt. 2), 1556, Section 816, as follows:

"Since questions for the jury can arise only where there is a possible doubt as to the real facts of the case or as to the inference which should be drawn from the facts, it is error to submit to the jury questions involving the determination of facts as to which the party having the burden of proof has offered no evidence, or which are admitted or conclusively established by undisputed evidence."

Taken alone, it is questionable whether the error of the court in submitting this issue to the jury was sufficiently prejudicial to warrant a reversal of the judgment, but when it is considered in connection with other errors of commission in the charge and the confusion in the minds of the jurors which would naturally arise therefrom, it is clear that this error is so prejudicial in character as to require the reversal of the judgment.

Turning now to the claimed error in charging on contributory negligence.

There was, in the answer, no allegation of contributory negligence, and there is in the evidence nothing whatever indicating contributory negligence on the part of the plaintiff.

Notwithstanding these facts the court submitted the issue of contributory negligence to the jury.

The rule applicable to this situation is stated in 2 Ohio Jurisprudence (Pt. 2), 1450, Section 762, as follows:

"It is clearly reversible error for the court in its instructions to inject into the case issues and questions not raised by the pleadings or the evidence, if they have a tendency to confuse the questions properly in the case and to mislead the jury to the prejudice of the appellant. This rule has found frequent application in negligence actions where the court * * * has given instructions as to contributory negligence although no such question was raised by the pleadings or the evidence * * *."

Defendant admits this instruction was erroneous, but contends that it was not prejudicial.

As the verdict of the jury was in favor of the defendant, we are of the opinion that this instruction in and of itself was so prejudicial as to require the reversal of the judgment. Moreover, considering it in connection with the error in charging on the subject of agency and the confusion in the mind of the jury necessarily resulting from the submission of two issues not in the case, it is clearly prejudicial, requiring reversal of the judgment.

6. The court erred in refusing to give special charges before argument which were submitted by the plaintiff.

The court refused to give plaintiff's special requests Nos. 2, 3, 4, 5, 6, 7 and 9 before argument.

The record shows that the plaintiff duly excepted to the refusal of the court as to five of those requested instructions.

The requested instructions, as stated by plaintiff in his brief, are generally to the effect that the plaintiff is not liable for any negligence on the part of his attending physician if he, the plaintiff, used ordinary

care in the selection of the physician, and that the plaintiff could recover for any injury directly and proximately caused by the defendant, plus the aggravation thereof by his physician.

In his opening statement to the jury, counsel for defendant stated that Dr. Weinbaum was called to the hospital and X-rayed the plaintiff, told him there was nothing wrong with him and that he would be back on the job in two or three days.

Counsel for defendant further stated:

"Now, we are not contending that he did not have a shoulder separation but we are contending and will contend in this defense that Dr. Weinbaum did not diagnose this case right and did not treat him right for a shoulder separation and if he had he would not have had this trouble. And we believe that this jury will not find that Fred Hinamon is guilty of any negligence or owes this gentleman anything and we do not believe that this jury will make him pay for any mistakes any doctor has made in the case."

No evidence was offered by defendant in support of this contention, and although defendant's attorney cross-examined two doctors called on behalf of plaintiff, no evidence was developed on the trial of the case in any way tending to prove aggravation of the injury sustained by plaintiff caused by improper diagnosis or treatment by his attending physician. Consequently, although an instruction to the jury removing the stated contention of defendant from its consideration may have been proper, there were no facts in evidence to which the requests were applicable, and the court did not err in refusing to give them.

9. For other errors manifest from the face of the record.

The only errors specified under this assignment are error in *voir dire* examination and error of the court in commenting on special charges.

The record shows that no objections were made by plaintiff to the statement of counsel for defendant in his *voir dire* examination of jurors, now claimed to be erroneous, and that the matter was not otherwise called to the attention of the court, so no foundation exists for the review of this claimed error.

No objection was made to the comment of the court on the special charges and the matter was not otherwise brought to the attention of the court, so that no foundation exists for the review of this claimed error.

For the reasons mentioned, the judgment of the Common Pleas Court is reversed for errors in the charge, above set forth, and the cause is remanded for a new trial and further proceedings according to law.

*Judgment reversed.*

JACKSON, P. J., and MIDDLETON, J., concur.