WILSON ET AL., APPELLEES, *v.* HERD, APPELLANT.

[Cite as Wilson v. Herd, 1 Ohio App. 2d 195.]

(No. 307—Decided February 3, 1965.)

196

*Messrs. Hoopes & Hoopes*, for appellant.
*Mr. Joseph B. Grigsby*, for appellees.

GUERNSEY, J. This is an appeal on questions of law from a money judgment of the Common Pleas Court of Union County entered on a jury verdict in favor of the plaintiffs, Dorothy N. Wilson and the Ohio Casualty Insurance Company, appellees herein, and against the defendant, Howard V. Herd, appellant herein, in a negligence action.

The evidence tended to prove that on October 3, 1959, a car owned by plaintiff Dorothy N. Wilson, while driven by her husband, John H. Wilson, when he was returning from a fishing trip unaccompanied by his wife, collided with a gasoline truck owned and driven by the defendant and that at the time of the collision John H. Wilson was negligent in the manner in which he was attempting to pass the gasoline truck and the defendant was negligent in the manner in which he was attempting to make a left turn into an intersecting county road.

The evidence also tended to prove that at almost the same instant a boat trailer drawn by Wilson's car also collided with a furniture trailer attached to a car driven by one James Cleveland Stokes, which was parked on the berm along the left and west side of the highway facing in a southerly direction at a point opposite the place where Wilson was attempting to pass defendant while both were traveling in a northerly direction; that the furniture trailer was rented by Stokes from "Bud's Rental Trailer"; and that the trailer and some furniture therein owned by Stokes had been damaged. The jury might also have concluded, had the issue been submitted to it and there being no evidence to the contrary, that Stokes was properly parked on the highway berm and was free from negligence at the time of the collision.

Plaintiffs' petition alleged three causes of action, the first being the subrogation claim of Dorothy N. Wilson's insurer for $2,365, being the amount paid by the insurer to her for damages to her car; the second being her claim for $100, being for the damages to her car not compensated by insurance; and the third cause of action being that of the insurer and reading in pertinent parts, as follows:

"* * * that when the automobile of Dorothy N. Wilson was struck by the defendant, said automobile bounced into a parked car and trailer on the west side of U. S. Route 42, said vehicles belonging to one James Cleveland Stokes * * *: that by reason of said collision, both the Wilson automobile and the Stokes 1954 Ford Sedan and two wheel trailer were damaged and Ohio Casualty Insurance Company under its aforesaid policy of insurance with Dorothy N. Wilson was obligated to pay and did pay said James Cleveland Stokes $180.81 for damages to his trailer and $269.81 for damages to the automobile and contents of the vehicles owned by said Stokes; that said damages were the direct and proximate result of the negligence of this defendant as specified in the foregoing causes of action."

In his amended answer defendant admits the general capacity of plaintiff insurer to sue, affirmatively alleges the negligence of Wilson, denies specifically the negligence of defendant, and denies generally all other allegations of plaintiffs' petition not admitted in the answer.

At the outset of the trial, among other stipulations not herein material, the parties stipulated that plaintiff insurer "is subrogated in the amount of $2,365 for damages to that (Mrs. Wilson's) automobile; that Dorothy N. Wilson had a one-hundred-dollar deductible damage, which is also a second cause of action, and that the insurance company has further paid James Stokes $450.62, * * *." There are no admissions in the pleadings nor are there stipulations in our record, which is a complete record of the trial proceedings, to the effect that defendant is liable for the full amount of all three causes of action, if he is liable at all, nor is there any evidence in the record as to the provisions of plaintiff insurer's policy, as to how the payment to Stokes came about, or relating to whether the insurer had paid Stokes on the supposed liability of Mrs. Wilson to him or on the supposed liability of Mr. Wilson to him.

The cause was submitted to the jury on a general charge that Wilson was the bailee of his wife, that his negligence, if any, was not imputable to her and plaintiff insurer, that his negligence, if any, was not for the consideration of the jury, and that if they found the defendant negligent and also found that the damages alleged by plaintiffs resulted proximately from such negligence, then, by reason of the stipulation hereinbefore

quoted, they must find for the plaintiffs on all three causes of action. Two forms of verdicts were submitted to the jury, one form for the respective plaintiffs on their respective causes of action and one form for the defendant.

Appellant's assignments of error are numerous and include the general assignment that the verdict and judgment are contrary to law and against the weight of the evidence. In his brief, however, appellant confines his argument to his claims that the court erred in its instruction that Wilson was the bailee of his wife and that his negligence could not be imputed to her, that the court erred in refusing to make a charge requested by defendant's attorney at the close of the general charge, and that the court erred in basing its refusal to direct a verdict for defendant on its premise that Wilson's negligence could not be imputed to his wife.

The evidence is undisputed that Wilson's use of his wife's car at the time and place of the collision unaccompanied by her was solely for his benefit. No master-servant or principal-agent relationship existed. The so-called family-purpose doctrine, not being accepted in Ohio, was also not applicable. On the circumstances then existing the relationship between Dorothy N. Wilson and her husband was as bailor and bailee and his negligence, if any, was not imputable to her. Insofar as its instructions pertained to the damages to her car alone the trial court did not commit error in instructing the jury as it did with regard to such relationship. *Ross* v. *Burgan*, 163 Ohio St. 211, and *Readnour* v. *Cincinnati Street Ry. Co.*, 79 Ohio App. 345.

The special instruction requested by defendant's attorney at the close of the general charge was that "if the jury find by a preponderance of the evidence that John Wilson, the driver of plaintiff's car, was guilty of negligence which was the direct and proximate cause of the collision and damages, your verdict will be for the defendant." The trial court would have committed error had it given such instruction, for to do so would serve to impute Wilson's negligence to his wife. Moreover, as stated in the *Readnour case, supra,* at page 347:

"The proper defense of the defendant was limited to a denial of its negligence. Allegation of the negligence of a third party had no place in the case. That charge, therefore, which dealt with the negligence of a third party applied to an ex-

traneous issue. * * * The court properly refused the special charge.''

For these same reasons the trial court did not commit error in refusing to direct a verdict for defendant with respect to the damages to Mrs. Wilson's car.

On the other hand, though it was not specifically argued by defendant, an analysis of the character of the third cause of action alleged by the insurance company against the defendant is of significance in determining whether or not prejudicial error has intervened. The third cause of action can stand, on the circumstances of this case, only if Stokes, the driver of the parked car, had a cause of action against the defendant for damages to the furniture trailer and its contents which cause became the property of the insurer either by way of assignment or by subrogation by operation of law and if such cause of action was submissible to the jury on the same theory as the other two causes of action. The insurance contract of plaintiff insurer was not with Stokes and payment to Stokes would not contractually subrogate the insurer to his claim by reason of the provisions of any contract. Nor, on the facts here, can it be said that the plaintiff insurer was paying a debt owed, or liability of, this defendant to Stokes.

Notwithstanding that the insurer's attorney stated in oral argument here that liability had been admitted on the third cause of action conditioned on liability on the other two causes of action, the actual stipulations of counsel with reference to the third cause of action were not as to the liability of defendant to Stokes but merely that the insurer had paid ''Stokes $180.81 for damages to his trailer and $269.81 for damages to the automobile and contents of the vehicles owned by said Stokes'' because obligated to do so ''under its aforesaid policy of insurance with Dorothy N. Wilson.'' Nor did defendant's joinder of specific denials with a general denial operate to admit liability as long as negligence was specifically denied. 43 Ohio Jurisprudence 2d 169, Pleading, Section 156.

If this payment had been made to Stokes because of the liability of Dorothy N. Wilson to him such theory of liability is inconsistent with the claim that her husband's negligence, if any, could not be imputed to her, there being no evidence of any other negligence on her part. If she was not liable to Stokes then

payment to him would probably not have satisfied any obligation of the insurer to her under the provisions of its policy. On the other hand, payment by the insurer to Stokes may have occurred by reason of the probable fact that John H. Wilson was also an assured under the provisions of the policy and the payment was to satisfy his liability to Stokes. Further doubt as to the nature and legal consequences of this payment to Stokes is brought into the record when it appears undisputed in evidence (except for the statement in the stipulation) that the damaged furniture trailer was not owned by Stokes, which evidence constituted a variance from the allegations of plaintiffs' petition. The record before the trial court and this court does not support any assignment by Stokes to the insurer, or subrogation by operation of law of the insurer, to a claim maintainable by Stokes against the defendant.

Nor, is the third cause of action maintainable by the plaintiff insurer against defendant on the theory that the insurer has been subrogated to a right of action of John H. Wilson against defendant for contribution to the payment of a joint liability. It is settled in Ohio that where two persons (Wilson and defendant) acting jointly or concurrently have negligently injured a third person for which injury both become liable in tort to a third person (Stokes), one of them who has made expenditures in discharge of their liability is not entitled to contribution from the other. *Massachusetts Bonding & Ins. Co.* v. *Dingle-Clark Co.*, 142 Ohio St. 346.

In our opinion, the third cause of action was not maintainable in the plaintiff's name against the defendant, and the trial court committed error in submitting same to the jury and in not directing a verdict thereon in favor of the defendant. This error was compounded by the court's general charge to the jury, which did not differentiate in any respect between the third cause of action and the other two causes of action, all three causes of action being merged together in the same theory of liability. The nonimputability of the negligence, if any, of John N. Wilson to his wife had no pertinence in reference to the claim of Stokes against the defendant for in relation to this latter claim John N. Wilson and defendant could have been joint and several tort-feasors. Then, too, the duty of due care owed by defendant to Mrs. Wilson was not necessarily

the same as the duty of due care owed by defendant to Stokes, and the issues of proximate cause were different in respective relation to the damages to Mrs. Wilson's car and to the damages to Stoke's personal property. 65 Corpus Juris Secundum 347, Negligence, Section 4, c (1).

Even were we to accept the claim of the plaintiff's attorney that liability on the third cause of action was admitted, conditioned on a finding of liability on the other two causes of action, this claim still would not permit the trial court to submit the third cause of action to the jury inextricably entwined with the other two causes of action. The court had the imperative duty to separate and definitely state to the jury the issues of fact accompanied by such instructions as to each issue as the nature of the case might require. 53 Ohio Jurisprudence 2d 30, Trial, Section 170. See, also, *Cleveland Ry. Co.* v. *Kozlowski*, 128 Ohio St. 445; *Shults* v. *Hinamon*, 84 Ohio App. 362; and *McAllister* v. *Soule*, 24 Ohio Law Abs. 118.

Again, the error of failure to direct a verdict on the third cause of action, compounded by the submission thereof to the jury inextricably entwined with the other two causes of action, was further compounded by the court's restricting the jury to two forms of verdict, one form for the plaintiffs on all causes of action and one form for the defendant on all causes of action. It was impossible for the jury to find against the defendant on the first two causes of action and for the defendant on the third cause of action, and likewise impossible for the jury to find for the defendant on the first two causes of action and against the defendant on the third cause of action. Conceivably a desire of the jury to find for a supposed subrogee of an innocent victim (Stokes) of somebody's negligence could, in this situation, have led to the jury's finding against the defendant on all three causes of action.

Under these circumstances we are of the opinion that the error of the trial court in failing to direct a verdict on the third cause of action, compounded by its error in submitting such cause of action to the jury on the same theory of liability and inextricably entwined with the other causes of action, further compounded by its error of improperly restricting the jury in the forms of verdict which it could render, constituted error prejudicial to the defendant. The evidence as to the defendant's

202

liability on the first two causes of action being conflicting so that reasonable minds might arrive at different conclusions thereon and it appearing that the verdict as to liability on these causes of action was tainted with prejudicial error, not correctible by remittitur, the judgment on all three causes of action must be reversed and vacated and the cause remanded to the trial court for new trial. 4 Ohio Jurisprudence 2d 511, Appellate Review, Section 1158 (Remittitur).

*Judgment reversed and cause remanded.*

MIDDLETON, P. J., concurs.
YOUNGER, J., dissents.