MOTORISTS MUT. INS. CO. *v.* BATES.

[Cite as Motorists Mut. Ins. Co. v. Bates (1972),
34 Ohio Misc. 1.]

(No. 324227—Decided December 29, 1972.)

Municipal Court of Franklin County.

*Mr. Howard J. Gallant,* for plaintiff.
*Mr. S. Myron Gurevitz,* for defendant.

WEST, J.   This is an action by an insurance company to recover the amount it paid Helen Souder under the uninsured motorist coverage provision of an automobile insurance policy issued to her husband, Oren B. Souder, by the terms of which she was also an insured.

Injuries were sustained by Helen Souder in an accident which occurred September 10, 1969.   The complaint was filed September 3, 1971, and the matter was heard February 9, 1972, after the running of the statute of limitations on a negligence action.

On the date of trial, most material facts were stipulated and the court made its findings that plaintiff had paid Helen Souder $3,850 under the terms of its policy and that such sum was reasonable in view of the serious injuries sustained by her.   The court further found that the injuries were the direct and proximate result of the negligent operation of the automobile by the defendant, who was not insured.

Policy conditions applicable to the uninsured motorist coverage in the present case include the following:

"7.   Trust Agreement.  In the event of payment to any person under this coverage:

"a.  the company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made;

"b.  such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of claim made under this coverage;

"c. such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

"d. if requested in writing by the company, such person shall take, through any representative designated by the company, such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person; in the event of a recovery, the company shall be reimbursed out of such recovery for expenses, costs and attorneys' fees incurred by it in connection therewith;

"e. such person shall execute and deliver to the company such instruments and papers as may be appropriate to secure the rights and obligations of such person and the company established by this provision."

A receipt, release and trust agreement signed by Helen Souder in connection with the payment to her by plaintiff of $3,850 contains the following language:

"In consideration of the payment of said sum, the undersigned hereby releases the Motorists Mutual Insurance Company from any and all further liability under said Protection Against Uninsured Motorists coverage arising out of the said accident. And, further in consideration of such payment, the undersigned agrees to take, through any representative designated by the said Company, such action as may be necessary or appropriate to recover the damages suffered by the undersigned from any person or organization who may be legally liable therefor, and to hold any money recovered from such person or organization in trust for the benefit of the Motorists Mutual Insurance Company to be paid to the said Company immediately upon recovery thereof; provided, however, that any sum recovered in excess of the amount paid to the undersigned under this agreement, shall be retained by the undersigned.

"The undersigned covenants that he/they have not released or discharged any claims or demands arising out of the above accident and that he/they will assist and cooperate with the representative designated by the Company to recover the damages suffered by the undersigned."

This action might have been brought under the terms

of the trust agreement in the name of the insured only, without joining the insurance company, the beneficiary of the trust, as a party. Civ. R. 17A. Instead, plaintiff elected to proceed on the basis of its rights as subrogee.

Upon the trial of this cause, defendant raised, for the first time, the question of whether plaintiff could properly bring the action in its name. Both parties have submitted briefs on the question of the rights of an insurance company as a subrogee as contrasted with its rights under an express trust agreement provision of an insurance policy and a trust agreement executed by an insured covering payments under uninsured motorists coverage.

Defendant argues: 1. The real party in interest is Helen Souder, not her insurer, Motorists Mutual Insurance Company; and, 2. Motorists has no rights of subrogation and the action should have been brought in the name of Helen Souder under the trust agreement of the insurance policy.

Defendant maintains the case of *Motorist Mut. Ins. Co.* v. *Cook* (1971), 31 Ohio App. 2d 1, involves the identical policy and trust agreement provisions and should be dispositive of the issues here. The court finds, however, that the issue in the *Cook* case involved a substitution of the insured as party plaintiff and the deletion of the insurance company as a party after the two-year statute of limitations had run. Paragraph one of the syllabus of the *Cook* case states:

"Where an insurer of a person injured by a defendant brings a civil action in its own name, it is error for a trial court to allow an amendment to the petition substituting the injured party in the place of such insurer after the statute of limitations regarding that particular action and injury has run."

Defendant has no standing to enforce the trust agreement provisions of the policy or of the trust agreement signed by Helen Souder. For a third person to enforce terms of a contract, it must appear such contract was made primarily for the benefit of such third person. An incidental or indirect benefit to the third person is not suf-

ficient to give him a right of action. *Visintine & Co.* v. *N. Y., Chicago & St. Louis R. R. Co.* (1959), 169 Ohio St. 505.

The defendant draws an analogy between the trust receipt and a loan agreement. Cases are cited, including *Balish* v. *Advance Fuel Oil Corp.* (1943), 266 N. Y. App. Div. 683, 40 N. Y. S. 2d 410, which held, at 683:

"Where * * * [a] plaintiff merely has received loans for the amount of her loss, as evidenced by loan receipts providing that the loans were repayable out of any moneys received by plaintiff on account of her loss * * * insurance companies are not subrogated to [a] plaintiff's claim against [a] defendant * * *."

The analogy is not valid. The trust agreement creates a right of subrogation and the right of recovery is held in trust by the insured for the benefit of the insurer. Even in the absence of a trust agreement, the insured who recovers from his insurer the amount of damages caused by a tortfeasor thereafter holds his claim in trust for the insurer who indemnified him. To hold otherwise would permit unjust enrichment.

Civ. R. 19 requires the joinder of all persons needed for a just adjudication in a case like this. However, defendant raised no objection by motion or pleading as allowed by Civ. R. 12 (G) and 12 (H) and Civ. R. 15 (A). Instead, defendant waited until the statute of limitations had run against the inclusion of the plaintiff's insured as a party. Accordingly, the objection to the absence of the insured as a party plaintiff is deemed to be waived.

Legal or equitable insurance sugrogation; that is, subrogation not provided for in the policy, is usually granted to insurers who pay claims under contracts of indemnity—fire, theft, marine and auto property damage policies. But, if a claim for personal injury is assignable, subrogation for the insurer under uninsured motorist coverage should naturally follow. R. C. 2305.21 provides, in part, that "* * * injuries to the person * * * shall survive; and such actions may be brought notwithstanding the death of the person entitled * * * thereto." It has been held that a right or chose in action of the classes which survive under this

section are ordinarily assignable. *Goings* v. *Black* (1960), 82 Ohio Law Abs. 289.

There is no public policy reason for denying subrogation where payment is made under the uninsured motorist coverage, even though the contract is not one strictly of indemnity and paying only pecuniary losses. The insurer is not in a position to make any speculative profit as it can recover only the amount it has paid. The insured can recover under the policy only to the extent he can prove his loss or damage, including pain and suffering. The law recognizes pain and suffering as compensable and there is no good reason why payment for such loss under the uninsured motorist coverage should not be subject to subrogation. The tortfeasor is primarily liable for all the damages he has caused and he should be required to pay for all the damages that are proved. Such payment by the tortfeasor should be used to reimburse the insurer who has already paid the damages under the terms of its policy with the injured party.

Accordingly, we hold that where a payment of damages for personal injuries is made under an uninsured motorist coverage provision of an automobile insurance policy which contains no subrogation provision, the insurer is nevertheless subrogated by operation of law to the rights of its insured against the tortfeasor.

Judgment is hereby rendered in favor of the plaintiff for the sum of $3,850 and costs.