WILLIAMS, Appellee,

v.

ERIE INSURANCE GROUP, Appellant.

[Cite as *Williams v. Erie Ins. Group* (1993), 86 Ohio App.3d 660.]

Court of Appeals of Ohio,
Fayette County.

No. CA92–08–014.

Decided March 8, 1993.

*Butler Law Offices* and *David B. Bender*, for appellee.

*John C. Nemeth & Assoc.* and *David A. Caborn*, for appellant.

WILLIAM W. YOUNG, Judge.

Defendant-appellant, Erie Insurance Group ("Erie Insurance"), appeals a decision of the Washington Court House Municipal Court granting summary judgment in favor of plaintiff-appellee, David Williams.

On July 2, 1988, an automobile driven by Patricia Williams was struck by Richard Dee Hodge. Appellee was a passenger in the vehicle driven by Patricia.[1] Both appellee and Patricia suffered injuries as a result of the accident. On the date of the accident, Patricia was covered by an insurance policy that listed Erie Insurance as the insurer. In dispute, and the crux of the instant action, is whether appellee was a named insured under the same insurance policy. What is undisputed, however, is that Patricia's automobile insurance policy provided for medical payments of up to $5,000 for medical expenses of an occupant of the automobile who suffers injuries relating to an accident.

Appellee incurred medical expenses of at least $5,600 as a result of the accident. Erie Insurance paid appellee $5,000 towards these expenses pursuant to the insurance policy. Patricia incurred medical expenses of $2,274.57, which Erie Insurance also paid.

Sometime thereafter, appellee and Patricia brought a personal injury action against Hodge seeking damages for the injuries they suffered as a result of Hodge's alleged negligence. Appellee and Patricia subsequently entered into a settlement agreement with Hodge's insurer, Grange Mutual Casualty Company, whereby they agreed to drop their suit and settle their claim in exchange for $7,274.57. Grange Mutual thereafter drafted a check in the amount of $7,274.57 and made it payable to Erie Insurance, David Williams, and Patricia Williams.

Upon learning of this settlement agreement, Erie Insurance demanded that appellee repay the $5,000 that it had paid to him. Erie Insurance argued that it had a right to recover the $5,000 that it had paid towards appellee's medical expenses because of the subrogation agreement found in Patricia's insurance policy. Appellee refused and on December 30, 1991 he filed an action for declaratory judgment, requesting that the trial court find that he was not a party

---

1. Appellee and Patricia were divorced at the time of the accident.

to the contract of insurance between Patricia and Erie Insurance. He also requested that the court find that Erie Insurance had neither a right to subrogation nor a right to be reimbursed for the $5,000. Finally, appellee demanded that the check that was made payable to Erie Insurance, Patricia and himself be disbursed in a manner wherein he would receive $5,000 and Erie Insurance would receive $2,274.57 (the amount Patricia collected from Erie Insurance for her medical payments).

In a judgment rendered in July 1992, the trial court held that there was no privity of contract between appellee and Erie Insurance. It further found that no written agreement existed subrogating appellee's rights or claims to Erie Insurance. Thus, the court ordered that Erie Insurance should receive $2,274.57, and that appellee should be paid $5,000. This appeal followed.

In its brief, Erie Insurance assigns the following three errors:

Assignment of Error No. 1:

"The trial court erred to the prejudice of defendant-appellant in holding that the plaintiff-appellee David Williams was not in privity of contract with defendant-appellant."

Assignment of Error No. 2:

"The trial court erred in holding that the case of *Motorists Mutual Ins. v. Bates* is applicable to the case at bar."

Assignment of Error No. 3:

"The trial court erred in holding that defendant-appellant Erie was not entitled to receive by subrogation the $5,000 paid by Grange Mutual Casualty for plaintiff-appellee's medical bills."

All three assignments of error relate to whether appellee was in privity of contract with Erie Insurance and whether Erie Insurance had a right to recover payments it made to appellee. Since the three assignments are interrelated, they will be addressed together.

The principal issue before us is whether there was privity of contract between Erie Insurance and appellee at the time of the accident. Erie Insurance submits that on the date of the accident, July 2, 1988, an automobile insurance contract existed wherein Erie Insurance was listed as the insurer, and Patricia and appellee were listed as the insureds. Erie Insurance, however, has failed to produce the insurance policy that was in effect on July 2, 1988. It has instead attempted to show that appellee was listed on Patricia's 1988 policy by producing an insurance policy for the period covering June 24, 1989 to June 24, 1990. The only evidence in that particular policy that indicates that appellee was insured by Erie Insurance is language stating that appellee was excluded from coverage

effective November 30, 1988. However, such language is insufficient to show when appellee was included on Patricia's insurance policy, or that appellee was ever insured by Erie Insurance.

Having reviewed the evidence, we are convinced that the record clearly illustrates that it was well within the trial court's discretion to conclude that there was insufficient evidence to find that appellee was a named insured under Patricia's insurance policy with Erie Insurance on the date of the accident.

■ Erie Insurance next argues that even assuming *arguendo* that appellee was not directly insured under the policy, he was still in privity with Erie Insurance because appellee was a third-party beneficiary to the automobile insurance policy.

Notwithstanding the myriad of cases cited by Erie Insurance to support its argument that appellee was a third-party beneficiary,[2] we are of the opinion that Erie Insurance's argument ignores the language found in *Wilson v. Herd* (1965), 1 Ohio App.2d 195, 30 O.O.2d 238, 204 N.E.2d 389, wherein the appellate court held:

"The mere payment by the wife's insurer to the third party of the amount of damages thus occurring to the personal property of the third party without any evidence as to an assignment by the third party of his claim to the insurer, or as to facts showing a subrogation by operation of law of the insurer to the claim of the third party, will not support a cause of action alleged to be in the insurer founded on the claim of the third party against the defendant." *Id.* at paragraph four of the syllabus.

We do not dispute Erie Insurance's claim that medical payment subrogation clauses are valid and not against public policy when the person to whom the insurer has made medical payments has assigned his claim against the third-party tortfeasor to the insurer. Nothing in the record, however, suggests that appellee executed a subrogation agreement whereby he was either required to reimburse Erie Insurance in the event damages were recovered, either by settlement or judgment, or which required him to assign his claim against the tortfeasor to Erie Insurance. Without such an agreement, we are unable to conclude that the trial court erred by failing to find that privity of contract

---

**2.** Erie Insurance places great weight on *Motorists Mut. Ins. Co. v. Bates* (M.C.1972), 34 Ohio Misc. 1, 63 O.O.2d 19, 295 N.E.2d 445, to support its argument. However, our research reveals that no reported Ohio cases have cited *Bates* for authority. Moreover, *Bates* is clearly distinguishable given that (1) the party in *Bates* was insured under the automobile insurance policy, and (2) the insured signed a trust agreement whereby she agreed to assist and cooperate with the insurance company to recover damages she suffered in consideration of the money paid to her under the terms of her insurance policy. Both of these factors are missing in the case at bar.

existed between appellee and Erie Insurance. See *Travelers Ins. Co. v. Lutz* (M.C.1964), 3 Ohio Misc. 144, 32 O.O.2d 469, 210 N.E.2d 755; see, generally, Annotation (1973), 19 A.L.R.3d 1054.

Finally, Erie Insurance argues that the doctrine of equitable subrogation requires reversal of the trial court's decision and payment of the $5,000. Equitable subrogation exists by operation of law. It inures to the insurer without any formal assignment or any expressed stipulation to that effect in the policy. *Northwestern Ohio Natural Gas Co. v. First Congregational Church* (App.1932), 12 Ohio Law Abs. 454. Equitable subrogation is essentially a theory of unjust enrichment wherein the insured is unjustly enriched if the amount he receives from the tortfeasor and his own insurance company exceeds the amount of his loss. *Ridge Tool Co. v. Silva* (1986), 33 Ohio App.3d 260, 515 N.E.2d 945. Thus, recovery may be had by the insurer despite lack of proof of an agreement, since the insured is not prejudiced thereby.

The court in *Ridge Tool,* however, held that the doctrine of equitable subrogation is not applicable when nonindemnity insurance contracts, such as life, automobile, or hospitalization, are involved. The court explained that the reason for the "non-application of equitable subrogation to medical insurance cases is the difficulty in determining when there has been full compensation." *Id.* at 261, 515 N.E.2d at 946. In its reasoning, the court found that "[w]here property (indemnity) insurance is concerned, the amount of the insured's property loss is readily ascertainable. However, damages involving personal injuries are non-pecuniary and incapable of calculation. * * * They include such things as pain and suffering, loss of consortium, and mental anguish." *Id.* at 261–262, 515 N.E.2d at 946. Other reasons advanced by the court in finding that equitable subrogation should not apply to medical insurance cases include the excessive litigation created by such claims and the financial burden on the insured by fighting such claims. *Id.* at 262, 515 N.E.2d at 946.

Moreover, we find it ironic that Erie Insurance now pleads for equity to enter the parameters of the instant action, when in fact it was Erie Insurance's own lack of forethought that resulted in its failure to be reimbursed. By choosing not to intervene in appellee's action against the tortfeasor, Erie Insurance failed to preserve its rights. Additionally, if Erie Insurance wanted to be subrogated to the rights of the insured, it needed only to request a written subrogation agreement from appellee. It having failed to do so, we are not now persuaded by Erie Insurance's claim that the trial court's decision was inequitable. The legal maxim "equity aids the vigilant but not those who slumber on their rights" is indeed appropriate under the facts presented in the instant action.

Accordingly, appellant's assignments of error are overruled, and the trial court's order granting summary judgment in favor of appellee is affirmed.

*Judgment affirmed.*

KOEHLER, P.J., and WALSH, J., concur.