Defendant-Appellant Connie Ashby, hereinafter "appellant," appeals the decision of the Muskingum County Court of Common Pleas, which granted summary judgment in favor of Appellee Nationwide Insurance Company ("Nationwide") in an action to enforce subrogation. The relevant facts leading to this appeal are as follows. On December 12, 1997, appellant was driving an automobile owned by her friend, Robert Thomas, Jr., when she was involved in a collision with another vehicle driven by Kim D. Rice. Rice caused the accident, which resulted in personal injury to appellant. Appellant had obtained permission to operate the Thomas vehicle, which was insured by Nationwide. After the accident, appellant filed a claim with Nationwide to receive reimbursement for her medical bills. Appellant also presented a claim to Rice's insurer, State Farm. On June 8, 1998, Nationwide paid appellant $50,000 as final settlement for her claim. On September 11, 1998, State Farm paid $100,000 to appellant. In consideration for the State Farm compensation, appellant released Rice from any further claims. Despite repeated requests by Nationwide to appellant's attorney, appellant did not reimburse Nationwide. On December 1, 1999, Nationwide filed an action in the trial court to pursue a subrogation claim against appellant and Rice, jointly and severally. On April 7, 2000, the trial court approved the dismissal of Rice without prejudice pursuant to Civ.R. 41(A)(1). On April 21, 2000, Nationwide filed a motion for summary judgment. On May 17, 2000, the trial court granted partial summary judgment in favor of Nationwide in regard to the issue of liability. The court further set the matter for argument and/or evidence "on the sole issue of the monetary amount of the judgment" on June 19, 2000. On June 28, 2000, the trial court rendered the judgment entry against appellant, finding Nationwide entitled to the sum of $50,000. Appellant appeals and herein raises the following two Assignments of Error for our consideration:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGEMENT (SIC) TO PLAINTIFF/APPELLEE WHEN NO CONTRACTUAL RELATIONSHIP EXISTED WITH THE DEFENDANT/APPELLANT CONNIE ASHBY.
 II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGEMENT (SIC) TO PLAINTIFF WHEN DEFENDANT CONNIE AHSBY (SIC) HAD NOT BEEN FULLY COMPENSATED FOR INJURIES.
 I, II
In her First Assignment of Error, appellant argues that summary judgment was improper based on the alleged lack of a contractual relationship between Nationwide and herself. In her Second Assignment of Error, appellant essentially contends that there is evidence in the record that she has not been fully compensated by her settlement with the tortfeasor's insurance company, and that therefore Nationwide's subrogation claim is premature. In support, she cites Blue Cross Blue Shield Mutual of Ohio v. Hrenko (1995), 72 Ohio St.3d 120, wherein the Ohio Supreme Court held, at syllabus: Pursuant to the terms of an insurance contract, a health insurer that has paid medical benefits to its insured and has been subrogated to the rights of its insured may recover from the insured after the insured receives full compensation by way of a settlement with the insured's uninsured motorist carrier. (Emphasis added.) In response, Nationwide argues that the case sub judice is merely a matter of applying the plain and ordinary meaning of the insurance contract at issue, and that the issue of whether appellant has been fully compensated by other means is effectively moot, as the evidence would show that appellant has "interfered" with Nationwide's subrogation rights by settling with State Farm, thus negating her opportunity to demonstrate a lack of full compensation. In support, Nationwide cites James v. Michigan Mutual Ins. Co. (1985),18 Ohio St.3d 386. This argument appears premised on the assertion that appellant was indeed subject to the subrogation provision of the contract. In order for this Court to adequately address these issues, however, it is critical that we ascertain whether the trial court based its summary judgment ruling on a theory of conventional, i.e., contractual subrogation, or on a theory of equitable subrogation. Equitable subrogation is a doctrine "which, as the result of the payment of a debt by a person other than the principal debtor, there is a substitution of the former in the place of the creditor to whose rights he succeeds in relation to the obligation of the debtor, to the end that the burden of obligation be ultimately placed upon those to whom it primarily belongs, although in the recognition of the rights of others it may have been, for a time, borne by those who are only secondarily liable for the debt." Maryland Casualty Co. v. Gough (1946), 146 Ohio St. 305, paragraph two of the syllabus. Equitable subrogation has also been defined as a theory of unjust enrichment, preventing parties from receiving in excess of that to which they are entitled. Williams v. Erie Ins. Group (1993), 86 Ohio App.3d 660, 665. The dual judgment entries leading to this appeal merely state the conclusion that summary judgment is granted and that Nationwide is entitled to a sum of $50,000. No reference whatsoever is made to the terms of the insurance contract, or whether equitable subrogation played any role in the court's conclusion. In Waldeck v. City of North College Hill (1985), 24 Ohio App.3d 189, the court held, at paragraph two of the syllabus: As a general rule, a court fails to fulfill its function in a declaratory judgment action when it disposes of the issues by journalizing an entry merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document or law under consideration.
We apply similar reasoning to the summary judgment decision sub judice. We therefore remand this matter to the trial court for a clarification of the legal basis upon which it granted summary judgment. Appellant's Assignments of Error are therefore unripe for appeal. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
 ____________________ Reader, V. J.
Farmer, J., concurs. Hoffman, P.J., dissents without opinion.