OPINION
Defendant-Appellant Connie Ashby, hereinafter "appellant," appeals the decision of the Muskingum County Court of Common Pleas, which granted summary judgment in favor of Appellee Nationwide Insurance Company ("Nationwide") in an action to enforce subrogation. The relevant facts leading to this appeal are as follows: On December 12, 1997, appellant was driving an automobile owned by her friend, Robert Thomas, Jr., when she was involved in a collision with another vehicle driven by Kim D. Rice. Rice caused the accident, which resulted in personal injury to appellant. Appellant had obtained permission to operate the Thomas vehicle, which was insured by Nationwide. After the accident, appellant filed a claim with Nationwide to receive reimbursement for her medical bills. Appellant also presented a claim to Rice's insurer, State Farm. On June 8, 1998, Nationwide paid appellant $50,000 as final settlement for her claim. On September 11, 1998, State Farm paid $100,000 to appellant. In consideration for the State Farm compensation, appellant released Rice from any further claims. Despite repeated requests by Nationwide to appellant's attorney, appellant did not reimburse Nationwide. On December 1, 1999, Nationwide filed an action in the trial court to pursue a subrogation claim against appellant and Rice, jointly and severally. On April 7, 2000, the trial court approved the dismissal of Rice without prejudice pursuant to Civ.R. 41(A)(1). On April 21, 2000, Nationwide filed a motion for summary judgment. On May 17, 2000, the trial court granted partial summary judgment in favor of Nationwide in regard to the issue of liability. The court further set the matter for argument and/or evidence "on the sole issue of the monetary amount of the judgment" on June 19, 2000. On June 28, 2000, the trial court rendered the judgment entry against appellant, finding Nationwide entitled to the sum of $50,000. Appellant appealed this decision assigning error to the trial court's granting of summary judgment based on the lack of a contractual relationship between the parties and the fact that appellant had not been fully compensated for her injuries. This Court reversed and remanded this matter to the trial court for a clarification of the legal basis upon which it granted summary judgment, namely whether the court's decision was based on the terms of the insurance contract, or whether equitable subrogation played any role in the court's conclusion. On January 22, 2001, the trial court filed a Decision and Journal Entry in Clarification, finding that "equitable subrogation principals [SIC] apply from the conduct and dealings" between the parties. It is from this decision that Appellant has filed the instant appeal, assigning the following errors:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF-APPELLEE NATIONWIDE INSURANCE COMPANY, WHEN NO CONTRACTUAL RELATIONSHIP EXISTED BETWEEN THAT COMPANY AND DEFENDANT-APPELLANT CONNIE ASHBY.
 II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF-APPELLEE NATIONWIDE INSURANCE COMPANY WHEN DEFENDANT-APPELLANT CONNIE ASHBY HAD NOT BEEN FULLY COMPENSATED FOR INJURIES.
 III. THE TRIAL COURT ERRED IN FINDING EQUITABLE SUBROGATION EXISTED BETWEEN DEFENDANT-APPELLANT CONNIE ASHBY AND PLAINTIFF-APPELLEE NATIONWIDE INSURANCE COMPANY SUMMARY JUDGMENT
Appellant, in each of her assignments of error, contends that the trial court erred in granting the Motion for Summary Judgments filed by Appellee. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ.R. 56(C) states in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1966), 75 Ohio St.3d 280. It is based upon this standard we review appellant's assignments of error.
 I.
In her First Assignment of Error, Appellant argues that summary judgment was improper based on the alleged lack of a contractual relationship between Nationwide and herself. We disagree. Appellee argues that Appellant was a third-party beneficiary to the insurance contract in this case by nature of the fact that she was a "covered person" under the "other persons" section of the policy which states: OTHER PERSONS Persons other than you [the policy holder] and a relative are protected under this coverage:
 1. While occupying your auto when it is being used by: a.) You b.) A resident of your household; or c.) anyone else with your permission.
 "A third party beneficiary is one for whose benefit a promise has been made in a contract but who is not a party to the contract." Chitlik v. Allstate Ins. Co. (1973), 34 Ohio App.2d 193, 196. "The third party need not be named in the contract, as long as [she] is contemplated by the parties to the contract and sufficiently identified." Id. Moreover, the "promisee must intend that a third party benefit from the contract in order for that third party to have enforceable rights under the contract[.]" Laverick v. Children's Hosp. Med. Ctr. of Akron (1988), 43 Ohio App.3d 201, 204. A third party beneficiary is free to accept or reject the benefits of the contract; however, by accepting the benefits of the contract, the third party beneficiary also assumes the attendant burdens. Fawn v. Heritage Mut. Ins. Co. (June 30, 1997), Franklin App. No. 96APE12-1678, unreported, 1997 WL 359322, (holding that the "arbitration provision of an insurance policy between a named insured and insurer can be enforced against a third-party who seeks underinsurance benefits under the policy".) The contract does not have to name the third-party beneficiary, as long as "the third person is in the contemplation of the parties." Hines v. Amole (1982), 4 Ohio App.3d 263, 268. An intended third-party beneficiary cannot receive a greater benefit than that provided for in the contract. Ohio Savings Bank v. V.H. Vokes Co. (1989), 54 Ohio App.3d 68. In this present case, appellant's friend, Robert Thomas, was the owner of the vehicle and policyholder of the Nationwide policy. Thomas' insurance policy covered the automobile that Appellant was driving when the accident occurred. By including "persons . . . occupying your auto when it is being used by anyone else with your permission" such policy language sufficiently identified and contemplated medical payments coverage for Appellant. Thus, we conclude that Appellant was a third-party beneficiary of Thomas' insurance policy with Nationwide. Furthermore, by accepting the approximately $50,000 benefit from Nationwide under said insurance policy, Appellant also accepted the burdens, which in this instance would be the obligation of subrogation. See Fawn, supra. Appellant's First Assignment of Error is overruled.
 II.
In her Second Assignment of Error, appellant essentially contends that there is evidence in the record that she has not been fully compensated by her settlement with the tortfeasor's insurance company, and that therefore Nationwide's subrogation claim is premature. In support, she cites Blue Cross Blue Shield Mutual of Ohio v. Hrenko (1995),72 Ohio St.3d 120, wherein the Ohio Supreme Court held, at syllabus: Pursuant to the terms of an insurance contract, a health insurer that has paid medical benefits to its insured and has been subrogated to the rights of its insured may recover from the insured after the insured receives full compensation by way of a settlement with the insured's uninsured motorist carrier. (Emphasis added.)
In response, Nationwide argues that the case sub judice is merely a matter of applying the plain and ordinary meaning of the insurance contract at issue, and that the issue of whether appellant has been fully compensated by other means is effectively moot, as the evidence would show that appellant has "interfered" with Nationwide's subrogation rights by settling with State Farm, thus negating her opportunity to demonstrate a lack of full compensation. In support, Nationwide cites James v. Michigan Mutual Ins. Co. (1985), 18 Ohio St.3d 386. Having found that appellant was subject to the subrogation provision of the contract, we agree with Appellee that Appellant did interfere with Nationwide's subrogation rights by settling with State Farm, thereby negating her opportunity to demonstrate a lack of full compensation. Appellant's Second Assignment of Error is overruled.
 III.
In her third assignment of error, Appellant argues that the trial court erred in finding that the principles of equitable subrogation applied in this case. We agree. Equitable subrogation is a doctrine "which, as the result of the payment of a debt by a person other than the principal debtor, there is a substitution of the former in the place of the creditor to whose rights he succeeds in relation to the obligation of the debtor, to the end that the burden of obligation be ultimately placed upon those to whom it primarily belongs, although in the recognition of the rights of others it may have been, for a time, borne by those who are only secondarily liable for the debt." Maryland Casualty Co. v. Gough (1946), 146 Ohio St. 305, paragraph two of the syllabus. Equitable subrogation has also been defined as a theory of unjust enrichment, preventing parties from receiving in excess of that to which they are entitled. Williams v. Erie Ins. Group (1993), 86 Ohio App.3d 660, 665. In the case sub judice, we find no reason to apply equitable principles as the insurance contract defined the relationship between the parties. Furthermore, we find no evidence in the record to support or negate the position that Appellant received compensation in excess of that to which she was entitled, as the trial court never held a hearing to determine whether Appellant had been fully compensated in this matter. Regardless, having found that Appellant interfered with Appellees rights of subrogation, the issue of whether Appellant received full compensation is inconsequential. While we find Appellant's third Assignment of Error well-taken, having found that the trial court's judgment is supportable on other grounds, we overrule appellant's third assignment of error and affirm the judgment of the trial court For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
By: Boggins, J. Gwin, P.J., and. Wise, J. concurs