JAMES ET AL., APPELLEES, *v.* MICHIGAN MUTUAL INSURANCE COMPANY, APPELLANT.

[Cite as James *v.* Michigan Mut. Ins. Co. (1985), 18 Ohio St. 3d 386.]

(No. 84-1167—Decided August 7, 1985.)

*George E. Zimmerman* and *Douglas Carter,* for appellees.

*Pickrel, Schaeffer & Ebeling Co., L.P.A., James F. Barnhart* and *Andrew C. Storar,* for appellant.

SWEENEY, J. The sole issue raised by the instant case is whether the appellant, Michigan Mutual, is entitled to deduct, directly from the limits of its underinsured motorist coverage, the $12,500 paid to appellee Billy James by Globe American on behalf of Smith (an underinsured motorist). The appellant argues that it is entitled to such a deduction (or "setoff") pursuant to R.C. 3937.181(C) and the terms of the appellee's contract of insurance.

At the time of the appellee's accident with Smith, R.C. 3937.181(C) provided: "The benefits provided under underinsured motorist coverages shall be subject to the same provisions as to denial of coverage, insolvency, subrogation or off-set as provided in uninsured motorist coverage under divisions (B), (C) and (D) of section 3937.18 of the Revised Code." In turn, the relevant portion of R.C. 3937.18(C) provided: "In the event of payment to any person under the coverage required by this section and subject to the terms and conditions of such coverage, the insurer making such payment to the extent thereof is entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such

person against any person or organization legally responsible for the bodily injury for which such payment is made * * *."

The appellant asserts that the foregoing provisions *statutorily* limit an insurance carrier's liability "to the coverage limit declared less any amounts received from or on behalf of the tortfeasor." The appellant also refers to the "General Provisions" of the policy issued to the appellee and cites the subrogation clause set forth thereunder as support for its contention that it is *contractually* permitted to set off amounts received from a tortfeasor directly against the limits of the appellee's underinsured motorist coverage. The relevant paragraph of this subrogation clause states:

"B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

"1. Hold in trust for us the proceeds of the recovery; and

"2. Reimburse us to the extent of our payment."

There is no question that R.C. 3937.181(C), through the express terms of the foregoing contract clause, provides the appellant with a right of subrogation. The appellees correctly point out, however, that this right is not without limitation. An established, general rule of subrogation is that where an insured has not interfered with an insurer's subrogation rights, the insurer may neither be reimbursed for payments made to the insured nor seek setoff from the limits of its coverage *until the insured has been fully compensated* for his injuries. See *Newcomb* v. *Cincinnati Ins. Co.* (1872), 22 Ohio St. 382. In that the appellant has stipulated both that the appellee has not interfered with its subrogation rights in the instant case and that the appellee has not been fully compensated for his injuries,[1] the appellant's general right of subrogation does *not* entitle the appellant to deduct, directly from the limits of the appellee's underinsured motorist coverage, the payment made to the appellee on behalf of Smith.

Our inquiry in the instant case, however, does not end here. Although the appellant has failed in its brief to rely on the express language of the underinsured motorist endorsement to the appellee's insurance policy, we find the language of this endorsement to be dispositive of the issue raised herein. The "Limit of Liability" section of this endorsement provides in relevant part:

"The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:

"1. Covered persons;

"2. Claims made;

---

[1] The parties stipulated that the appellee's injuries were in excess of $37,000. The appellee has received $12,500 from Globe American and $12,500 from the appellant. Thus, even if the appellant were to pay appellee the additional $12,500 that he seeks, the appellee still would not be "fully compensated" for his injuries.

"3. Vehicles or premiums shown in the Declarations; or

"4. Vehicles involved in the accident.

"However, the limit of liability shall be reduced by all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible. * * *"

The appellees contend, first, that the foregoing endorsement should be subject to the rule of subrogation discussed above (which prohibits subrogation until the insured has been fully compensated); and, second, that the language of the policy must be "construed most favorably for the insured." *Gomolka* v. *State Auto. Mut. Ins. Co.* (1982), 70 Ohio St. 2d 166 [24 O.O.3d 274], syllabus. We find that the contractual setoff permitted by the underinsured motorist endorsement is *not* subject to the particular rule of subrogation that prohibits setoff prior to full compensation of the insured; and, we are convinced that, even under a construction most favorable to the insured, the plain meaning of the terms of the underinsured motorist endorsement entitles the appellant to a setoff directly against the limits of its underinsured motorist coverage.

In concluding that full compensation is not required prior to the application of a setoff against the limits of underinsured motorist coverage, we focus on the legislative history behind this type of insurance coverage. Underinsured motorist coverage was first required by statute after the legislature discovered the "underinsurance loophole" in *uninsured* motorist coverage — *i.e.*, persons injured by tortfeasors having extremely low liability coverage were being denied the same coverage that was being afforded to persons who were injured by tortfeasors having *no* liability coverage. Thus, the original motivation behind the enactment of R.C. 3937.181(C) was to assure that persons injured by an underinsured motorist would receive at least the same amount of total compensation that they would have received if they had been injured by an uninsured motorist.

A setoff from the limits of underinsured motorist coverage, therefore, is not contrary to the public policy behind the enactment of R.C. 3937.181(C), so long as such setoff (1) is clearly set forth in the terms of the underinsured motorist coverage and (2) does not lead to a result wherein the insured receives a total amount of compensation that is less than the amount of compensation that he would have received if he had been injured by an uninsured motorist. The setoff provision set forth in the endorsement to the appellee's insurance policy states that "the *limit of liability shall be reduced* by all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible." (Emphasis added.) Even under a construction most favorable to the insured, this provision is clear and unambiguous, and we would be altering the plain terms of the appellee's insurance policy if we were to limit the application of the setoff described herein only to instances where the insured has been fully compensated for all of his injuries. See *Gomolka* v. *State*

*Auto. Mut. Ins. Co., supra,* at 168; cf. *Gomolka* v. *State Auto. Mut. Ins. Co.* (1984), 15 Ohio St. 3d 27, 29-30 (a provision that did not *clearly* provide for setoff against the limit of uninsured/underinsured motorist coverage, when construed in favor of insured, did not entitle insurer to such setoff).

As written, the appellee's insurance policy provides him with the same degree of protection under its underinsured and uninsured motorist coverages (*i.e.,* it assures that the appellee, when suffering damages in excess of $25,000, will receive at least $25,000 in total compensation — regardless of whether he is injured by an underinsured motorist or an uninsured motorist). For this reason, and for all the reasons set forth above, the appellant is entitled to deduct, directly from the limits of its underinsured motorist coverage, the $12,500 paid to the appellee on behalf of the underinsured motorist Smith.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C.J., HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

CELEBREZZE, C.J., and C. BROWN, J., concur separately.

FORD, J., dissents.

FORD, J., of the Eleventh Appellate District, sitting for LOCHER, J.

CLIFFORD F. BROWN, J., concurring. I concur in the careful analysis and application in the majority opinion of the statutory provisions, R.C. 3937.18(C) and 3937.181(C), providing subrogation rights to the insurer and in the correct conclusion reached pertaining thereto. These statutory provisions do not finally determine the rights and duties of the parties regarding underinsured motorist coverage. Instead, the appellant insurer has a right to rely upon the underinsured motorists endorsement to the insurance policy under the "Limit of Liability" section of the endorsement which as stated in the majority opinion provides in relevant part:

"The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one accident. * * *

"* * *

"However, the limit of liability shall be reduced by all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible. * * *"

The foregoing contract provision is binding upon the parties, is not claimed by either party to be invalid for any reason, and is unaffected by the subrogation and other rights set forth in R.C. 3937.18(C) and

3937.181(C). This binding contractual provision clearly confers upon the appellant insurer the right to deduct from the $25,000 limits of its underinsured motorist coverage the sum of $12,500 paid to the insured appellee on behalf of the underinsured motorist, Smith.

CELEBREZZE, C.J., concurs in the foregoing concurring opinion.