WARE ET AL., APPELLANTS, *v.*
NATIONWIDE INSURANCE COMPANY,
APPELLEE.

(No. 12423 — Decided June 18, 1986.)

*Chris T. Nolan* and *Linda Tucci Teodosio,* for appellants.

*Robert J. Drexler,* for appellee.

BAIRD, J. This cause came on before the court upon plaintiffs' appeal from the granting of summary judgment. We affirm.

Plaintiffs' decedent, Todd Ware, was killed in a motorcycle accident. He was riding as a passenger on a motorcycle driven by Terry Donahew. Both

families were insured by Nationwide Insurance Company ("Nationwide").

The Ware family received $25,000, the full policy amount under the Donahew policy. The Wares filed suit against Nationwide seeking to recover $25,000 from their underinsured motorist policy. Both parties moved for summary judgment. The trial court granted defendant's motion. Plaintiffs appeal.

### Assignment of Error

"The trial court erred in granting summary judgment in favor of the defendant insurance company since the language of the policy provides for underinsurance coverage in addition to the amount paid by the tortfeasor."

In Ohio, underinsured motorist coverage is required to be offered by R.C. 3937.18(A)(2) which provides:

"Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured *are less than* the limits for the insured's uninsured motorist coverage at the time of the accident. The limits of liability for an insurer providing underinsured motorist coverage shall be the limits of such coverage, less those amounts actually recovered under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured." (Emphasis added.)

Thus, underinsurance coverage is triggered when the maximum amount recoverable from the person liable is less than the amount of coverage carried by the insured. In this case, both policy holders had coverage of $25,000. Therefore, the underinsured coverage under R.C. 3937.18(A)(2) is not applicable.[1] This comports with the public policy consideration of assuring that those people injured by an underinsured motorist would receive at least the same amount of total compensation as they would have received had they been injured by an uninsured motorist. *James* v. *Michigan Mut. Ins. Co.* (1985), 18 Ohio St. 3d 386, 389, 18 OBR 440, 443, 481 N.E. 2d 272, 275. Here, the Wares received $25,000, the same amount they would have received had Todd been injured by an uninsured motorist.

Plaintiffs urge the court to find that *Gomolka* v. *State Auto. Mut. Ins. Co.* (1984), 15 Ohio St. 3d 27, 15 OBR 67, 472 N.E. 2d 700, controls this case. Defendant contends that the operative language of the insurance policy in *James, supra,* is the closest to the policy language herein and thus should be applied.

In both *Gomolka* and *James,* the underinsurance coverage exceeded the amount recoverable from the person liable for the injury. Therefore, R.C. 3937.18(A)(2) was applicable. In the

---

[1] A policy, as written, could conceivably provide more benefits than those required to be offered by R.C. 3937.18(A)(2), that is, not require that the limits of coverage available from the underinsured be less than that available to the insured under his underinsured coverage. However, Endorsement 1604 of the Wares' policy defines underinsurance coverage as one where the available bodily injury liability coverage or bonds is less than the limits of the underinsured coverage. Thus, this policy does not provide benefits which are greater than those required to be offered under the statute.

case *sub judice,* the court cannot reach an interpretation of the policy language under *Gomolka* or *James* as R.C. 3937.18(A)(2) is not applicable to the facts of the case: the Donahews' coverage was not less than the Wares' underinsured coverage.

Plaintiffs' assignment of error is not well-taken. The decision of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and QUILLIN, J., concur.