NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant,

v.

BAKER, Admr., Appellee.

[Cite as *Nationwide Mut. Ins. Co. v. Baker* (1993), 99 Ohio App.3d 433.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920468.

Decided Oct. 27, 1993.

*Douglas E. King,* for appellant.

*Kenneth Heuck, Jr.,* for appellee, Patricia Baker, Administrator.

*Per Curiam.*

This cause came on to be heard upon the appeal, the record filed herein, the briefs and arguments.

This case involves the right of plaintiff-appellant Nationwide Insurance Company ("Nationwide") to set off certain payments made by fully insured joint tortfeasors to the Estate of Mae E. Hirschauer, deceased ("the Estate"), from its uninsured motorist coverage policy limits. Nationwide brings this appeal and assigns as error the decision of the trial court, in a declaratory judgment action, denying this right of setoff to it. We have *sua sponte* removed this case from the accelerated calendar.

The facts giving rise to this case are these. Mae Hirschauer was a passenger in a car driven by her daughter Bonnie J. Warren ("Warren"). Warren was driving her car southbound on I–71 in Greene County when it was struck by a hit-and-run driver. Warren's car spun out of control and was in turn struck by a tractor-trailer owned by Altruk Freight Systems, Inc. ("Altruk"). Mrs. Hirschauer was killed in the accident. The Estate filed suit against Altruk and others. Altruk, in turn, filed a third-party complaint against Warren. Warren had an insurance policy with Nationwide, with liability limits of $50,000 per person and $100,000 per occurrence. In the same policy Warren had uninsured and underinsured motorist coverage in those same amounts. A hit-and-run driver is definitionally an uninsured motorist under the Nationwide policy. The Estate claimed economic and non-economic damages in the amount of $618,406. By way of settlement the Estate received $169,000 from Altruk and $50,000 from Nationwide pursuant to its liability coverage of Warren, for a total of $213,900.[1] No issue was raised about Nationwide's consent to this settlement.

Nationwide subsequently brought this declaratory judgment action in regard to whether it was entitled to a setoff of the $213,900 from its policy with Warren under the uninsured motorists provision of that contract. The trial court found R.C. 3937.18(E) to be controlling and, finding that no payment had been made under the uninsured motorist coverage, allowed no setoff to Nationwide. For the reasons which follow, we reverse the decision of the trial court.

In support of its right of setoff, Nationwide relies on paragraph three of Endorsement 1604 to its insurance policy with Warren. The endorsement, by its terms, is to amend the uninsured motorists coverage of the policy.[2] The endorsement reads:

"The limits of this coverage and/or any amounts payable under this coverage will be reduced by any amount paid by or for any liable parties."

---

1. Whether the other defendants participated in the settlement is unknown and is not relevant to these proceedings.

2. While the heading of the endorsement is confusingly captioned "supplementary uninsured motorists coverage (for bodily injury caused by underinsured motorists)," the language of the endorsement itself is clear.

Nationwide argues that so long as the language of its policy provision allowing setoff from uninsured motorist limits is clearly stated and so long as the application of the provision does not result in the insured receiving less compensation than he or she would have received if injured solely by an uninsured motorist, the insurer is entitled to the setoff. In support of this position Nationwide relies on the combined holdings of *James v. Michigan Mut. Ins. Co.* (1985), 18 Ohio St.3d 386, 18 OBR 440, 481 N.E.2d 272, and *In re Nationwide Ins. Co.* (1989), 45 Ohio St.3d 11, 543 N.E.2d 89.

The Estate, on the other hand, argues that there is a clear statutory difference as to the right of setoff for uninsured motorists as opposed to underinsured motorists. R.C. 3937.18(A)(2) specifically allows for setoff for underinsured motorist coverage while its companion section on uninsured motorist coverage, R.C. 3937.18(A)(1), specifically does not. The Estate further argues that R.C. 3937.18(E) controls this case and, since Nationwide has made no payment under its uninsured motorist coverage, by statute it is not entitled to any setoff. The trial court clearly agreed with the Estate's argument on this point. While we find the Estate's arguments cogent, we believe the law as articulated by the Ohio Supreme Court compels us to reach a contrary result.

We find this case to be controlled by the holdings of *James, supra,* and *In re Nationwide, supra,* and particularly by the language in Nationwide Endorsement 1604. In *James* the insured relied on R.C. 3937.181(C), a predecessor statute now essentially subsumed in present R.C. 3937.18, and argued that the insurer should not be allowed a setoff from the underinsured limits of its policy because the insured, like the Estate in the case before us, had not been fully compensated for his injuries. The court agreed with the insured that R.C. 3937.181(C) created a right of subrogation in the insurer and held, in the first paragraph of the syllabus of that case, that the insurer could not seek a setoff from the limits of its coverage until the insured had been fully compensated. The court then, however, went on to find that the policy endorsement, which allowed a setoff from limits for all sums paid by any person or entity legally responsible for the injury, was not subject to the "particular rule of subrogation that prohibits setoff prior to full compensation of the insured" and that the endorsement language of the policy rather than the statute was dispositive of the issue of the right of setoff. *James,* 18 Ohio St.3d at 389, 18 OBR at 443, 481 N.E.2d at 274. Articulating the law of the case, the second paragraph of the syllabus of *James* holds that an insurer may properly provide for setoff of payments against its underinsured limits so long as the policy language is clearly set forth in the underinsured motorist coverage section and does not lead to a result where the insured would receive less than if injured by an uninsured motorist. The Estate urges us to limit this holding to underinsured motorist coverage because of the difference in statutory

setoff provisions discussed *infra.* Unfortunately, this argument ignores the apparent policy decision in the holding in *James* that clearly states that insurance policy language (including endorsements) controls. *James* was expressly followed in *In re Nationwide, supra.* The syllabus of *In re Nationwide,* which follows the holding of *James* in its analysis, holds that "[a] setoff against the limits of underinsured *and uninsured* motorist coverage is permitted under R.C. 3937.18(E) provided the setoff is clearly set forth in the provisions of the insurance policy." (Emphasis added.) The setoff language relied on in *In re Nationwide* appears in the case at bar. Further, in a highly significant footnote, the court noted that the status of the tortfeasor at the time the payment was made was irrelevant to the setoff issue in the case. *In re Nationwide,* 45 Ohio St.3d at 12, 543 N.E.2d at 91. From this we are led to the inescapable conclusion that, so long as the policy language is clearly stated and the setoff provision does not lead to any inconsistent or unfair result, any payment made, whether by an uninsured tortfeasor, an underinsured tortfeasor, or one or more joint tortfeasors, may be set off.

In this case, the language in Nationwide's Endorsement 1604 clearly states that the limits of the uninsured motorist coverage will be reduced by any amounts paid by or for any liable parties. Further, the Estate will not, by this interpretation, receive less compensation than if Mrs. Hirschauer's death had been caused solely by an uninsured motorist and, therefore, the setoff provision does not lead to an unfair or inconsistent result. Accordingly, the trial court erred by relying solely on R.C. 3937.18(E) and ignoring the policy endorsement language. Notwithstanding the fact that Nationwide has made no payment on its uninsured motorist coverage and notwithstanding the fact that the Estate has not been fully compensated for damages for Mrs. Hirschauer's death, precedent is clear that the insurance policy language controls here and that Nationwide is entitled to a setoff of all payments made by or for any liable parties. We, therefore, declare that Nationwide is entitled to a setoff of $213,900, the amount already received by the appellee from the other tortfeasors involved in this accident, against Nationwide's limit of uninsured motorist coverage available to appellee pursuant to Nationwide's insurance policy issued to Bonnie Warren. With such a setoff, we find as a matter of law that Nationwide owes no insurance payments to the Estate under Warren's uninsured motorists coverage with Nationwide, and we accordingly enter final judgment for Nationwide.

*Judgment reversed.*

KLUSMEIER, P.J., DOAN and M.B. BETTMAN, JJ., concur.