OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.
Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.
NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Savoie, Admr., Appellant and Cross-Appellee, v. Grange Mutual Insurance Company, Appellee and Cross-Appellant; Motorists Mutual Insurance Company, Appellee.
[Cite as Savoie v. Grange Mut. Ins. Co. (1994),     Ohio St.3d     .]
(No. 92-952 -- Submitted December 7, 1993 -- Decided February 2, 1994.)
On Motion for Rehearing.

Frase, Weir, Baker & McCullough Co., L.P.A., and Robert E. Weir, for appellant and cross-appellee.
Baker, Meekison & Dublikar and Jack R. Baker, for appellee Motorists Mutual Insurance Company.

The judgment in this cause was announced on October 1, 1993 in 67 Ohio St.3d 500, 620 N.E.2d 809. A motion for rehearing was filed by Motorists Mutual Insurance Company on November 17, 1993. The motion for rehearing is denied.
Moyer, C.J., A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.
Wright,. J., concurs in judgment only.
Wright, J., concurring in judgment only. Despite the fact that appellee's motion for a rehearing clearly has merit, I must overrule it.1 I say this only because the motion was filed beyond the ten-day time limit provided by our Rules of Practice.

FOOTNOTE:
1 An abridged portion of appellee's Proposition of Law Number One in its motion follows:
"*** [T]his Court's opinion went far beyond the briefs and arguments of counsel, making this case proper for rehearing.
"In paragraph 3 of this Court's syllabus, this Court held:
"[']An underinsurance claim must be paid when the individual covered by an uninsured/underinsured policy suffers damages that exceeds [sic] those monies available to be paid by the tortfeasor's liability carriers. (Hill vs. Allstate Ins. Co. (1990), 50 Ohio St.3d 243, 553 N.E.2d 658, overruled.)[']

"Appellee Motorists Mutual Insurance Company submits that paragraph 3 of the syllabus directly contravenes O.R.C. {3937.18(A)(2) which provides:

"[']The limits of liability for an insurer providing underinsured motorist coverage shall be the limits of such coverage, less those amounts actually recovered under all applicable bodily injury [liability] bonds and insurance policies covering persons liable to the insured.[']

"Pursuant to O.R.C. {3937.18(A)(2), a direct set-off [sic, setoff] must be applied to the underinsured motorist coverage in order to establish the amount of underinsurance coverage available to the insured.  As indicated by this Court in James vs. Michigan Mut. Ins. Co. (1985), 18 Ohio St.3d 386, 389 [18 OBR 440, 443, 481 N.E.2d 272, 274], underinsurance was created to cure the uninsured motorist loophole.  However, underinsurance was not created to provide the insured with an excess insurance policy.  In fact, this Court held in James, supra at 389 [18 OBR at 443, 481 N.E.2d at 274] that the plain meaning of the insurance policy and O.R.C. {3937.18 'entitles the [insurer] to a set-off [sic] directly against the limits of its underinsured motorist coverage.'  The decision of this Court as set forth in paragraph 3 of the syllabus is contrary to O.R.C. {3937.18(A)(2) in that insurers which provide underinsured motorist coverage which may be available in wrongful death cases are not entitled to a set off [sic] of payments made by the tortfeasor from available coverage, and are thus deemed excess insurers.

"In addition, the Ohio General Assembly evaluated underinsured motorist coverage on several occasions before enacting the current statute.  The analysis of that statute, as published by the Legislative Service Commission, describes the intent as:

"[']To make clear that the insurer is not liable to the insured for any amounts that would duplicate the insured's actual recovery of amounts under insurance and bonds covering persons liable to the insured; and also that the insurer is not liable for any amounts of damages sustained by the insured in excess of the limits of the underinsurance motorist coverage, (emphasis added).[']

"Thus, Motorists Mutual Insurance Company asserts that the holding of this Court is contrary to both the plain meaning of O.R.C. {3937.18 as well as the express intent of the General Assembly.  Moreover, the specific words used in the statute must be construed according to their common usage and not interpreted to mean something other than specifically stated. O.R.C. {1.42.  Therefore, O.R.C. {3937.18(A)(2) can only be interpreted to require that an insurer providing underinsured motorist coverage is entitled to a direct set off [sic] from policy limits of all amounts recovered by the insured from the tortfeasor or the tortfeasor's insurance provider.

"Appellee Motorists Mutual Insurance Company respectfully requests a rehearing on this critical issue since this Court's decision as set forth in paragraph three of the syllabus is contrary to prior decisions of this Court and, more importantly, the intent of the General Assembly as espoused in O.R.C. {3937.18(A)(2)."

Appellee's abridged statement under its Proposition of Law

Number Two reads:

"*** [T]his Court has repeatedly held that any policy language contrary to [O.R.C] {3937.18 violates public policy. Ady vs. West American Ins. Co. (1982), 69 Ohio St.2d 593 [23 O.O.3d 495, 433 N.E.2d 547], syllabus. Likewise, insurance policies with language which comport [sic] with O.R.C. {3937.18 must be deemed appropriate and valid. However, this Court's decision herein, as set forth in paragraphs 1, 2, and 3 of the syllabus, directly contravenes O.R.C. {3937.18 and prior decisions of this Court which were not expressly overruled.

"Paragraph 1 of the syllabus, which prohibits the limitation of wrongful death claims to the 'per person' policy limit, is contrary to the general premise that insurers and private persons may enter into [a] contract. Moreover, O.R.C. {3937.18 does not prohibit such limitations of coverage even though the statute does prohibit certain other policy restrictions (i.e., reduction in coverage amounts because of worker's [sic] compensation benefits).

"In addition, as discussed earlier, [O.R.C.] {3937.18(A)(2) permits the set-off [sic] of payments made by the tortfeasor from the coverage available pursuant to an underinsured motorist policy. Paragraph 3 of the syllabus in the case herein is contrary to that specific statute.

"Moreover, this Court's holding with respect to interfamily stacking and the alleged narrow construction of O.R.C. {3937.18(G) is clearly an invasion into the province of the General Assembly. In fact, the anti-stacking language provided in O.R.C. {3937.18 was included in the uninsured motorist statute in June, 1980 in response to this Court's repeated opinions that 'other insurance' clauses were repugnant to the public policy and O.R.C. {3937.18. Curran vs. State Automobile Ins. Co. (1971), 25 Ohio St.3d 33 [54 O.O.2d 166, 266 N.E.2d 566].

"In Karabin vs. State Automobile Mut. Ins. Co. (1984), 10 Ohio St.3d 163 [10 OBR 497, 462 N.E.2d 403], this Court discussed the initial amendment to [O.R.C.] {3937.18(E), and determined that this section 'provides a specific modification[,] permitting insurers to confine their liability to the limits of a single policy.' Karabin, supra at 165 [10 OBR at 499, 462 N.E.2d at 405-406]. Most important, however, was this Court's interpretation of the anti-stacking language within [O.R.C.] {3937.18(E) and this Court's conclusion that the legislative intent was clear and that the statute itself was unambiguous. Karabin, supra at 166 [10 OBR at 499, 462 N.E.2d at 406].

"Within the case sub judice, this Court completely ignores its prior interpretations of this statute and has single-handedly altered the legislative intent. Indeed, [O.R.C.] {3937.18(G) was authored by the General Assembly in direct response to this Court's conclusion that anti-stacking language was contrary to public policy.

"Motorists Mutual Insurance Company asserts that the anti-stacking provisions in insurance policies which are based upon O.R.C {3937.18(G) are consistent with the intent of the General Assembly and cannot be invalidated absent an amendment to the statute. ***"