I agree that Plaintiffs-Appellants, the Porters, are entitled to the entire $50,000 proceeds paid by the tortfeasor's insurer, and that Defendant-Appellee, DayMed Health Maintenance Plan, Inc. ("DayMed"), is entitled to none. However, I arrive at that conclusion for reasons different from Judge Brogan's.
DayMed's claim against the Porters arises from a subrogation agreement. Subrogation is the substitution of one person, the subrogee, for another, the subrogor, with reference to a lawful claim or right. Federal Union L. Ins. Co. v. Deitsch (1934)127 Ohio St. 505. The subrogee is thus placed in the position of the subrogor with respect to the rights involved. Hill v. King
(1891), 48 Ohio St. 75. However, the subrogee's interest survives only so long as the legal right of the subrogor exists.
Indemnity is a right which a person who has been compelled to pay what another should pay in full has to require reimbursement.Henderson-Achert Lithographic Co. v. John Shillito Co. (1901),64 Ohio St. 236. The right of indemnification may be express or implied. Id.
 "Novation, a doctrine which is derived from the Roman law is a mode of extinguishing one obligation by another by putting either a new contract of the debtor himself, or that of a third person, in the place of an existing one. A novation may be effected by changing the terms of a contract, or by substituting a new contract, without a change in the parties, or it may consist of a new contract between different parties whereby the original contract and its obligation is discharged. Where the parties so intend and agree, it may consist of the substitution of either a new debtor or a new creditor. Accordingly, a novation, as understood in modern law . . . is a mutual agreement among all parties concerned for the discharge of a valid existing obligation by the substitution of a new valid obligation on the part of the debtor or another, or a like agreement for the discharge of a debtor to his creditor by the substitution of a new creditor."
Boblitt v. Briggs (Nov. 21, 1997), Clark App. No. 97-CA-0006, unreported, at p. 9.
When the Porters settled with Tabern, the tortfeasor, their settlement released Tabern from any obligation to the Porters on their claim. That extinguished any rights that DayMed had against Tabern under the subrogation agreement between the Porters and DayMed, and substituted an indemnification agreement between them in its place. DayMed's claim was then against the Porters for indemnification, not against Tabern by way of subrogation.
The "full compensation" rule of Blue Cross and Blue Shield ofOhio v. Hrinko (1995), 72 Ohio St.3d 120, and James v. MichiganMutual Insurance Company (1985), 18 Ohio St.3d 386, stands for the proposition that an insured who suffers losses enjoys a right of priority superior to its subrogated insurer when both are compensated from the same fund. The same rule reasonably extends to an indemnification contract between them that discharges their subrogation agreement, absent an express provision to the contrary. That application takes account of the "cooperation and assistance" exception to the full compensation rule suggested byPeterson v. Ohio Farmers Ins. Co. (1963), 175 Ohio St. 34. It also permits the parties to bargain the amount of the indemnity a cooperating insurer may be due, allowing each to protect its interests.
DayMed's claim against the Porters is for indemnification, not subrogation. However, the right of priority which the "full compensation" rule afforded the Porters over DayMed's subrogation claims is preserved by the terms of their escrow agreement, in which neither party waived or modified its respective rights under the subrogation agreement. (See p. 14, supra). Further, the Porters' right to the entire $50,000 proceeds was determined by the trial court's finding that they have not been fully compensated for their losses. Therefore, the order that we enter herein is correct.
Copies mailed to:
John E. Breidenbach
William J. O'Neill
Gene W. Holliker
R. Kevin Kerns
Robert J. Surdyk
James A. Dyer
Martin A. Beyer
Hon. Roger B. Wilson