[Cite as *Clermont Cty. Transp. Improvement Dist. v. Tekulve*, 2014-Ohio-1581.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


CLERMONT COUNTY TRANSPORTATION :
IMPROVEMENT DISTRICT,
                                                              CASE NO.   CA2013-05-039
                                              :
        Plaintiff,                                            O P I N I O N
                                              :               4/14/2014

    - vs -                                    :


                                              :
GREGORY H. TEKULVE, et al.,
                                              :
        Defendants-Appellants.
                                              :


CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012CVH2136


Daniel J. Bennett and Richard W. Schuermann, Jr., 65 East State Street, Suite 1800, Columbus, Ohio 43215, for plaintiff

Charles J. Tekulve, 785 Ohio Pike, Cincinnati, Ohio 45245, for defendants-appellants, Gregory H. Tekulve and Lesley Ann Flynn

Timothy C. Sullivan, 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202, for defendant-appellee, U.S. National Bank Association


        **M. POWELL, J.**

        {¶ 1}   Defendants-appellants, Gregory H. Tekulve and Lesley Anne Flynn, appeal

from the judgment of the Clermont County Common Pleas Court awarding defendant-

appellee, U.S. National Bank Association (U.S. Bank), the $13,000 that was deposited with

the clerk of courts by plaintiff, Clermont County Transportation Improvement District (CCTID), which agreed to pay that amount for appropriating an easement on appellants' property. Appellants argue the trial court erred in refusing to allow them to deduct their attorney fees from the amount deposited, since their attorney was able to convince CCTID to agree to pay $13,000 for the easement, after CCTID initially had offered to pay only $2,454 for the easement. For the reasons that follow, we disagree with appellants' argument and affirm the trial court's judgment.

{¶ 2} Appellants own certain real property in Clermont County, Ohio. The property is subject to a mortgage in favor of U.S. Bank. In January 2012, appellants received a "Notice of Intent to Acquire and Good Faith Offer" from CCTID, informing them that CCTID sought to appropriate an easement on their property for a public road improvement and offering them $2,454 for the easement. Appellant Gregory Tekulve forwarded the notice to his father, Charles Tekulve (Attorney Tekulve). The two of them signed an agreement allowing Attorney Tekulve to receive, as attorney fees, 35 percent of any amount recovered. Attorney Tekulve, acting on appellants' behalf, entered into negotiations with CCTID, and CCTID eventually agreed to pay $13,000 for the easement. However, the agreement between CCTID and appellants did not address whether the easement would be free of U.S. Bank's mortgage lien.

{¶ 3} In November 2012, CCTID filed in the trial court a petition to appropriate a lien-free easement on appellants' property, and deposited $13,000 with the clerk of courts. Appellants did not answer CCTID's petition. However, appellant Gregory Tekulve filed a motion for distribution of the $13,000 deposited, arguing he was due his attorney fees of $4,550 (i.e., 35 percent of the $13,000) as a result of his attorney's efforts in negotiating a final appropriation settlement of $13,000 from CCTID, which initially had offered to pay only $2,454 for the appropriation. U.S. Bank filed an answer to CCTID's petition and a motion for

distribution, asserting that it had a right under the mortgage to the entire amount of the $13,000 deposited. The trial court treated the parties' cross-motions for distribution as cross-motions for summary judgment. On summary judgment the trial court determined that U.S. Bank was entitled to the entire amount of the $13,000 deposited.

{¶ 4} Appellants now appeal and assign the following as error:

{¶ 5} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS' ATTORNEY BY FAILING TO GRANT THE ATTORNEY FEE IN THE FULL AMOUNT REQUESTED.

{¶ 6} Appellants present four issues in their assignment of error: (1) whether the attorney for the landowner in an appropriation proceeding has a "lien" or "claim" on part of the proceeds that arise when the attorney negotiates the price of an easement from an initial offer of $2,454 to a final purchase price of $13,000; (2) whether the principles of "unjust enrichment" apply in this case; (3) whether the "common fund" doctrine applies in this case; (4) whether the "made whole" doctrine applies in this case.

{¶ 7} Initially, under the plain language of the mortgage agreement between appellants and U.S. Bank, U.S. Bank was entitled to the entire amount of the $13,000 deposited by CCTID. Paragraph six of the parties' mortgage agreement states in pertinent part:

> **6.    Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument.

{¶ 8} Under paragraph six of the parties' mortgage agreement, the $13,000 that CCTID paid for its appropriation of its lien-free easement on appellants' property belongs to U.S. Bank as the "Lender" under the mortgage agreement.

{¶ 9} In *Mahoning Nat. Bank v. City of Youngstown*, 143 Ohio St. 523 (1944), paragraph three of the syllabus, the court held:

> Where mortgaged property is damaged by a municipal corporation in carrying out a grade-crossing elimination project, to such extent that the security of the mortgage is impaired, and there has been an award against the corporation to the mortgagor of such property for such damage, the mortgagee's rights in and lien upon the property follows the award and he may have the mortgage debt satisfied out of the fund represented by the award, in advance of other creditors of the mortgagor.

{¶ 10} Under *Mahoning Nat. Bank*, U.S. Bank is entitled to the *entire* $13,000 appropriation award because (1) U.S. Bank's "rights in and lien upon" appellants' property "follows the award" appellants received as a result of CCTID's appropriation of the easement in their land, and (2) U.S. Bank is entitled to have any mortgage debt satisfied out of the fund represented by the award, in advance of appellants' other creditors, including their attorney.

{¶ 11} Appellants argue they should have been allowed to recover their attorney fees under the doctrine of unjust enrichment. To prevail on an unjust enrichment claim, a plaintiff must demonstrate that (1) the plaintiff has conferred a benefit on a defendant, (2) the defendant had knowledge of the benefit, and (3) the defendant retained the benefit under circumstances where it would be unjust to allow the defendant to retain the benefit without payment. *Bldg. Industry Consultants, Inc. v. 3M Parkway, Inc.*, 182 Ohio App.3d 39, 2009-Ohio-1910, ¶ 16 (9th Dist.).

{¶ 12} Appellants allege that U.S. Bank benefitted from their attorney's actions in increasing the purchase price of the easement from CCTID's initial offer of $2,454 to $13,000. However, U.S. Bank benefitted only marginally, if at all, from the appropriation award, as, presumably, appellants would have repaid their mortgage debt to U.S. Bank, and therefore, the appropriation award provided nothing to U.S. Bank that it would not have otherwise received. The only conceivable benefit U.S. Bank received from the appropriation

award was receiving its loan repayment somewhat sooner than it otherwise would have. The appropriation award in this case primarily accrued to appellants' benefit in the form of a reduction of their mortgage indebtedness.

{¶ 13} Appellants also argue they are entitled to their attorney fees under the "common fund" doctrine. The common fund doctrine provides that "'a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.'" *US Airways, Inc. v. McCutchen*, __ U.S. __, 133 S.Ct. 1537, 1545 (2013), quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 100 S.Ct. 745 (1980). "The doctrine rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its costs are unjustly enriched at the successful litigant's expense." *Van Gemert*. A court having jurisdiction over the fund involved in the litigation may prevent this inequity "by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefited by the suit." *Id.*

{¶ 14} As can be seen, the justification for the common fund doctrine is to prevent unjust enrichment. Consequently, appellants' argument regarding the common fund doctrine must fail for the same reason their unjust enrichment claim failed: appellants failed to show that U.S. Bank gained a substantial benefit from the appropriation award in this case, and the evidence, instead, showed that appellants received the primary benefit from the appropriation award.

{¶ 15} Finally, appellants contend that they were entitled to reimbursement for their attorney fees under the "made whole" doctrine. However, appellants failed to raise this argument in the trial court. It is well settled that, generally, a party may not raise issues for the first time on appeal. *Anderson v. Anderson*, 12th Dist. Warren No. CA2009-03-033, 2009-Ohio-5636, ¶ 38. Yet even if appellants had properly preserved this issue for appellate review, they still could not prevail on it.

{¶ 16} The "made whole" doctrine is "[a]n established, general rule of subrogation * * * that [provides] where an insured has not interfered with an insurer's subrogation rights, the insurer may neither be reimbursed for payments made to the insured nor seek setoff from the limits of its coverage *until the insured has been fully compensated* [i.e., "made whole"] for his injuries." (Emphasis sic.) *James v. Michigan Mut. Ins. Co.*, 18 Ohio St.3d 386, 388 (1985), disapproved of on other grounds by *Cole v. Holland*, 76 Ohio St.3d 220, 1996-Ohio-105. Under the "made whole" doctrine, "an insurer's 'subrogated interests will not be given priority where doing so will result in less than a full recovery for the insured.'" *N. Buckeye Edn. Council Grp. Health Benefits Plan v. Lawson*, 154 Ohio App.3d 659, 2003-Ohio-5196 (6th Dist. Lucas Cty. 2003), ¶ 19, quoting *Grine v. Payne* (Mar. 23, 2001), 6th Dist. Wood No. WD-00-044, 2001 WL 279767.

{¶ 17} Appellants cite the Sixth District's decision in *Lawson* in support of their claim that they were entitled to reimbursement of their attorney fees in this case. In that case, the court of appeals rejected an insurer's argument that its insured was not entitled to deduct her attorney fees from the amount she owed the insurer under the subrogation provision of the parties' insurance policy. *Id.* at ¶ 37-39. In so doing, the court found that an ambiguity existed in the terms of the insurance policy, which had to be construed in the insured's favor. *Id.* at ¶ 39.

{¶ 18} By contrast, in this case there is no ambiguity as to the extent of the proceeds to which U.S. Bank is entitled. Paragraph six of the parties' mortgage agreement provides that "[t]he proceeds of any award * * * in connection with any condemnation or other taking of any part of the Property * * * are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument." Thus, the parties' mortgage agreement clearly and unambiguously states that the lender, U.S. Bank, is entitled to the full amount of the appropriation award to the extent of

the outstanding balance due on the mortgage. Additionally, the Ohio Supreme Court's decision in *Mahoning Nat. Bank*, 143 Ohio St.3d 523, paragraph three of the syllabus, removes any doubt that the mortgage lien follows the award, and therefore, that U.S. Bank, the mortgagee, has priority in the award over the other creditors of appellants, the mortgagors, including appellants' attorney.

{¶ 19} In light of the foregoing, appellants' assignment of error is overruled.

{¶ 20} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.