OPINION
{¶ 1} Plaintiffs-appellants, Jason G. Clark and Steven LaRe, appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Auto-Owners Mutual Insurance Company ("Auto-Owners").
 {¶ 2} Clark and LaRe suffered injuries in an automobile accident when their vehicle was struck by one driven by Elisa Schafer. Allstar Contractors, LLC ("Allstar"), the owner of the vehicle occupied by Clark and LaRe, had vehicle coverage provided by Auto-Owners. Clark and LaRe made claims to Auto-Owners under the medical payments coverage of the policy, and Auto-Owners eventually paid medical payments policy limits of $5,000 to each of them. This amount was well below the $21,536.67 in accident-related medical expenses claimed by LaRe, and the $22,043.84 submitted by Clark.
 {¶ 3} Clark and LaRe then brought a negligence action against Schafer, also stating a number of additional causes of action against other defendants, including insurance companies. The only one of these that is relevant to the present appeal is a claim against Auto-Owners for declaratory judgment seeking a declaration that Auto-Owners should not be permitted to recover through subrogation its medical payments to Clark and LaRe from any proceeds they might obtain from other defendants. Auto-Owners responded with a counterclaim and third-party complaint seeking to enforce its subrogation rights.
 {¶ 4} Clark and LaRe eventually settled with Schafer for $30,000 each. Auto-Owners did not agree to the settlement because it did not include allowance for recovery through subrogation of Auto-Owners' prior medical payments made to Clark and LaRe. The parties agreed to place $10,000 of the settlement in escrow pending resolution in the trial court of Auto-Owners' subrogation claim. The trial court granted summary judgment for Auto-Owners, and Clark and LaRe have timely appealed, bringing the following assignment of error:
THE TRIAL COURT ERRED IN FINDING AS A MATTER OF LAW THAT AUTO-OWNERS IS CONTRACTUALLY ENTITLED TO RECEIVE $10,000.00 IN REPAYMENT FOR MEDICAL PAYMENTS BENEFITS.
 {¶ 5} We initially note this matter was decided in the trial court by summary judgment, which under Civ.R. 56(C) may be granted only when there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion.Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64. Additionally, a moving party cannot discharge its burden under Civ.R. 56 simply by making conclusory assertions that the nonmoving party has no evidence to prove its case. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Rather, the moving party must point to some evidence that affirmatively demonstrates that the nonmoving party has no evidence to support his or her claims. Id.
 {¶ 6} An appellate court's review of summary judgment is de novo. Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588; Bard v. Society National Bank (Sept. 10, 1998), Franklin App. No. 97APE11-1497. Thus, we conduct an independent review of the record and stand in the shoes of the trial court.Jones v. Shelly Co. (1995), 106 Ohio App.3d 440, 445. As such, we have the authority to overrule a trial court's judgment if the record does not support any of the grounds raised by the movant, even if the trial court failed to consider those grounds. Bard,
supra.
 {¶ 7} Under the standard, the issue before us is whether there remained a material issue of fact as to whether Auto-Owners, under the subrogation clause found in the medical payments portion of the insurance policy, is entitled to recover those payments by standing in the shoes of Clark and LaRe as they pursue recovery from the tortfeasor. The subrogation clause provides as follows:
If we make a payment under this policy and the person to or for whom payment is made has a right to recover damages from another, we will be entitled to that right. That person shall do everything necessary to transfer that right to us and shall do nothing to prejudice it.
 {¶ 8} The first question presented is whether Clark and LaRe, who were not signatories or named insureds under the Auto-Owners policy, are bound by the terms of the subrogation clause. It is undisputed that Clark and LaRe did not execute any explicit assignment of their rights or acknowledgement of Auto-Owners' subrogation rights at the time Clark and LaRe accepted the medical payments under the policy. Nonetheless, we find that in accepting the policy benefits in the form of medical payments, Clark and LaRe assumed the burdens of the subrogation clause. We first determine that as passengers in the vehicle, they were intended third-party beneficiaries of the Auto-Owners insurance policy. Thatcher v. Sowards (Mar. 22, 2000), Scioto App. 98CA2613. While Clark and LaRe were not named insureds or otherwise parties to the insurance contract, they were insured persons who were free to accept the benefits under the policy and, in so doing as third-party beneficiaries, were required to comply with the terms of the policy. Fawn v. Heritage Mut. Ins.Co. (June 30, 1997), Franklin App. No. 96APE12-1678 (construing applicability of arbitration clause). Auto-Owners was therefore not required to execute any separate agreement or acknowledgement to retain the benefit of its subrogation clause when conferring medical benefits upon Clark and LaRe. Thatcher; Fawn; but, see,Peters v. Malone, Jackson App. No. 03CA23, 2004-Ohio-3327, at ¶ 12-14.
 {¶ 9} Next, we consider the issue of whether Clark and LaRe, in entering into a settlement agreement in the amount of $30,000 each, without Auto-Owners' approval, prejudiced Auto-Owners' rights under the subrogation clause. It is undisputed that the settlement agreement makes no provision for payment of any portion of the proceeds to Auto-Owners. At best, it provides for $10,000 to be held in escrow with the mediator, until and if Auto-Owners can establish its legal right to that amount in further court proceedings. This does not establish that Auto-Owners' subrogation rights were acknowledged and fulfilled in the agreement, merely that Auto-Owners had asserted the right itself. The settlement significantly impaired Auto-Owners' ability to pursue its subrogation counterclaim and cross-claim, and the trial court correctly found that Clark and LaRe had prejudiced Auto-Owners' subrogation rights.
 {¶ 10} Clark and LaRe next argue that, even if the subrogation clause applies to them, that as a matter of law, subrogation may not be enforced against a tort victim insured who has not been fully compensated for his injuries. This is known as the "make-whole" doctrine:
[W]here an insured has not interfered with an insurer's subrogation rights, the insurer may neither be reimbursed for payments made to the insured nor seek setoff from the limits of its coverage until the insured has been fully compensated forhis injuries[.]
(Emphasis sic.) James v. Michigan Mut. Ins. Co. (1985),18 Ohio St.3d 386, 388; see, also, North Buckeye Edn. Counsel GroupHealth Benefits Plan v. Lawson, 103 Ohio St.3d 188,2004-Ohio-4886. The "make-whole" doctrine, by the terms expressed in James, applies only where the beneficiary has not interfered with the insurer's subrogation rights. Id. at 388. Because we have concluded that Clark and LaRe interfered with Auto-Owners' subrogation rights when entering into a settlement without Auto-Owners' approval, the "make-whole" doctrine under James
does not apply in the present case.
 {¶ 11} In summary, based upon the absence of any remaining material issue of fact in the interpretation of the insurance contract or the facts surrounding the settlement of this case, we find that the trial court did not err in granting summary judgment in favor of Auto-Owners. When Clark and LaRe accepted benefits of the medical payments coverage under the Auto-Owners' policy, they accepted the burden of the subrogation clause. They thereafter prejudiced Auto-Owners' ability to pursue its subrogation rights, and Auto-Owners is entitled to recover its medical payments made to Clark and LaRe in the amount of $5,000 each. Appellants' single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Deshler, J., Klatt, P.J., and French, J., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.PRIVATE