OPINION
{¶ 1} Plaintiff-appellant, Jeffrey B. Acuff, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Motorists Mutual Insurance Company ("Motorists"). For the following reasons, we affirm.
 {¶ 2} In the evening of October 20, 2004, Acuff was driving an automobile owned by Louise A. Elliott eastbound on State Route 161 in Franklin County, Ohio. When congested traffic caused Acuff to slow, a truck driven by Bruce Gwinn collided with the *Page 2 
rear of Acuff's automobile. At the time of the collision, Motorists insured the automobile Acuff was driving.
 {¶ 3} Acuff was injured in the collision and received medical treatment. Seeking medical payments coverage under the Motorists policy, Acuff submitted his medical bills, totaling $42,675.37, to Motorists. Although the policy provided $5,000 in medical payments coverage, Motorists paid Acuff only $1,053.
 {¶ 4} On April 6, 2005, Acuff filed suit against Gwinn, Motorists, and two other insurers.[1] Acuff asserted a negligence claim against Gwinn and a breach of contract claim against Motorists. Acuff also requested that the trial court declare "the duties, rights and responsibilities" of Motorists "for medpay, arbitration, subrogation and uninsured/underinsured coverage for the collision * * *"[2]
 {¶ 5} In addition to answering Acuff's complaint, Motorists filed a cross-claim against Gwinn. Exercising its rights under the subrogation clause included in its policy, Motorists demanded from Gwinn damages in the amount of the medical payment benefits it had provided to Acuff.
 {¶ 6} During the course of discovery, Acuff submitted to Motorists an interrogatory that asked whether Motorists would consent to the settlement of Acuff's personal injury claim against Gwinn. Motorists responded that Acuff was "free to resolve his claim against the tortfeasor at any time as long as Motorists' subordination rights [were] not prejudiced." *Page 3 
 {¶ 7} On December 23, 2005, Motorists filed a motion for partial summary judgment in which it sought judgment in its favor on those claims Acuff had asserted against it. While this motion was pending, Acuff entered into a "Release Agreement" with Gwinn. In this agreement, Acuff released Gwinn and his insurance company from "any and all actions, claims and demands of whatsoever kind or nature on account of any and all known and unknown injuries, losses and damages of whatsoever nature * * * alleged to have arisen relating directly to the accident which occurred on or about October 20, 2004 * * * ." Furthermore, the Release Agreement provided that:
 It is specifically acknowledged and agreed Acuff will assume all rights, responsibilities and obligations held by Gwinn. Further, this release and settlement agreement does assign the right of Acuff to contest any claimed subrogation claim or lien, including but not limited to medical payments or health insurance. Any defenses available to or against Gwinn are hereby assigned to Jeffrey B. Acuff.
In addition to Gwinn's defenses, Acuff received $97,500 in return for the settlement of his claims against Gwinn.
 {¶ 8} Nothing in the Release Agreement explicitly preserved Motorists' right to seek recovery through a subrogation claim against Gwinn. Accordingly, Motorists added to its motion for summary judgment the argument that Acuff was not entitled to recover any further benefits under the policy because he had prejudiced Motorists' subrogation rights by releasing Gwinn from all liability for the collision.
 {¶ 9} On May 16, 2006, the trial court issued a judgment entry in which it granted Motorists' summary judgment motion and dismissed Acuff's claims against Motorists. Additionally, the trial court declared that "[d]efendant Motorists Mutual Insurance Company has paid medical payment benefits to plaintiff and defendant has a legal right to *Page 4 
seek reimbursement of medical payment benefits from plaintiff * * *." Finally, finding that Acuff's release of Gwinn terminated Motorists' right to subrogation, the trial court dismissed Motorists' cross-claim against Gwinn. Acuff now appeals from that judgment entry.
 {¶ 10} On appeal, Acuff asserts the following assignments of error:
 [1] THE TRIAL COURT ERRED IN FINDING AS A MATTER OF LAW THAT MOTORISTS IS CONTRACTUALLY ENTITLED TO RECEIVE $1,053.00 IN REPAYMENT FOR MEDICAL PAYMENTS BENEFITS.
 [2] THE TRIAL COURT ERRED IN FINDING AS A MATTER OF LAW THAT MOTORISTS IS NOT CONTRACTUALLY BOUND TO PAY JEFFREY ACUFF $3,947.00 IN REMAINING MEDICAL PAYMENTS BENEFITS FOR UNDISPUTED RELATED CARE AND TREATMENT.
 {¶ 11} We will address Acuff's second assignment of error first. By that assignment of error, Acuff argues that the Motorists policy obligates it to pay him the policy limits for medical payment coverage. We disagree.
 {¶ 12} Appellate review of summary judgment motions is de novo.Helton v. Scioto Cty. Bd. Of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. RelationsBd. (1997), 78 Ohio St.3d 181, 183. *Page 5 
 {¶ 13} An insurer is relieved from its obligation to provide coverage if the insured breaches the subrogation clause and the breach prejudices the insurer. Ferrando v. Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186,2002-Ohio-7217, at paragraph two of the syllabus. Once a breach occurs, "a presumption of prejudice to the insurer arises, which the insured party bears the burden of presenting evidence to rebut." Id. at ¶ 91.
 {¶ 14} In the case at bar, the policy states that:
 If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:
 1. Whatever is necessary to enable us to exercise our rights; and
 2. Nothing after loss to prejudice them.
Motorists contends that Acuff breached this clause and irrevocably prejudiced its subrogation rights when he signed the Release Agreement. Acuff argues to the contrary. Because Gwinn assigned to him the right to contest any subrogation claim, Acuff asserts that Motorists can now pursue its suit for recovery of medical payment benefits against him instead of Gwinn. We find no merit to Acuff's argument.
 {¶ 15} "Subrogation is the substitution of one person in the place of another with reference to a lawful claim of right." Physicians Ins. Co.v. Univ. of Cincinnati Hosp. Aring Neurological Inst.,146 Ohio App.3d 685, 2001-Ohio-3985, at ¶ 23. See, also, State v. Jones (1980),61 Ohio St.2d 99, 100-101 ("[O]ne person is subrogated to certain rights of another person where he is substituted in the place of such other person so that he succeeds to those rights of the other person."). An insurer-subrogee cannot succeed to or acquire any right or remedy that the insured does not possess. Chemtrol Adhesives, *Page 6 Inc. v. Am. Mfg. Mut. Ins. Co. (1989), 42 Ohio St.3d 40, 42;Physicians Ins. Co., at ¶ 23 (an insured-subrogee has "no greater right to recovery than that of its insureds").
 {¶ 16} When Acuff released Gwinn from any claims related to the October 20, 2004 collision, he extinguished all recovery or remedy rights he possessed against Gwinn. As Motorists' rights were coextensive with Acuff's rights, the termination of Acuff's right to recover against Gwinn barred Motorists from such recovery also. See Erie Ins. Co. v.Kaltenbach (1998), 130 Ohio App.3d 542, 547. Indeed, the trial court dismissed Motorists' suit against Gwinn for just that reason. Therefore, Acuff's preservation of Gwinn's defenses is meaningless because Motorists could no longer pursue legal recourse against Gwinn.
 {¶ 17} By virtue of the release of his claims against Gwinn, Acuff breached the subrogation clause, causing a presumption of prejudice to arise. Because Acuff failed to rebut this presumption, we conclude that Acuff's breach of the policy excused Motorists from any further performance under the policy, including the payment of medical payment benefits. Accordingly, we overrule Acuff's second assignment of error.
 {¶ 18} By Acuff's first assignment of error, he argues that the policy terms do not require him to reimburse Motorists for the $1,053 in medical payments benefits he received from Motorists. We disagree.
 {¶ 19} Preliminarily, we note that, contrary to Acuff's assertions, the trial court did not award Motorists $1,053 in damages. Rather, in resolving Acuff's claim for declaratory judgment, the trial court declared that Motorists possessed "a legal right to seek reimbursement of medical payment benefits from plaintiff * * *." Further litigation is required for Motorists to recover on that right. *Page 7 
 {¶ 20} Acuff next makes the argument that ambiguity in the reimbursement clause requires this court to construe it against Motorists. The reimbursement clause states:
 If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:
 1. Hold in trust for us the proceeds of the recovery; and
 2. Reimburse us to the extent of our payment.
Acuff asserts that this clause is ambiguous because it neither specifies what "type" of recovered damages triggers the reimbursement requirement nor whether Motorists can claim priority in seeking reimbursement. We find that this argument is merely an attempt to limit the reach of the clearly worded reimbursement clause. We decline to rewrite the policy to include terms more favorable to Acuff under the guise of clarifying ambiguity.
 {¶ 21} Finally, Acuff argues that the "make-whole" doctrine prohibits Motorists from demanding reimbursement. "[W]here an insured has not interfered with an insurer's subrogation rights, the insurer may neither be reimbursed for payments made to the insured nor seek setoff from the limits of its coverage until the insured has been fully compensated for his injuries." James v. Michigan Mut. Ins. Co. (1985),18 Ohio St.3d 386, 388 (emphasis omitted). Thus, as a general rule, an insured must be "made whole" before the insurer may claim reimbursement. However, if the insured has interfered with the insurer's subrogation rights, then the "make whole" doctrine does not apply. Clark v. Auto-Owners Mut. Ins.Co., Franklin App. No. 05AP-751, 2006-Ohio-2436, at ¶ 10; NationwideIns. Co. v. Rice, Muskingum App. No. CT2001-0017; Kaltenbach, at 547.
 {¶ 22} In the case at bar, Acuff interfered with Motorists' subrogation rights by releasing Gwinn and his insurer from all liability for the collision. Acuff therefore cannot *Page 8 
claim the benefits of the "make whole" doctrine. Accordingly, we overrule Acuff's first assignment of error.
 {¶ 23} For the foregoing reasons, we overrule Acuff's first and second assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
PETREE and BROWN, JJ., concur.
[1] Acuff has resolved his claims against Gwinn and the other two insurers, and none of those parties are part of this appeal.
[2] Acuff later excised from his claims any averment that he was entitled to uninsured/underinsured motorists coverage from Motorists. *Page 1